Wheeleb, J.
The ground of the motion in arrest in the court below was that the jury was not in fact sworn. That ground i; now relied on and does ■not require notice. But it is insisted for 1 ho appellant that it appears by the i' -ord that >i e oath administered was not that prcs-i-ibed by the statute, but wa-i another and different oatli, and that upon the authority of Arthur v. The State, (2 Tex. R., 403,) it is in legal contemplation as if no oatli had been in fact administered. This view would be decisive if we are to consider the record of the judgment as containing the form or a statement of the substance of tlie oath which really .was administered to tlie jury. But we do not so regard it. The record does not purport to set out the oath, and the words “the ■“ cause to try according to law,” occurring’ after “ sworn,” evidently were inserted by the clerk merely by way of recital of what he conceived to be the nature of the oath, or, perhaps, inadvertently and without any definite object.
In the case of Arthur v. The State, the record was understood as purporting to set out and as in fact containing literally the oath as administered to the jury. But in the ease before us the record does not purport to set out the oath. It manifestly was not intended by the insertion of the words in question to embody the oatli in form and spread it upon the record. We cannot regard the insertion of these words as anything more than a mere clerical recital of unnecessary and immaterial matter, which may be treated as surplus-age. Tlie record contains the statement that tlie jury were duly sworn. This was sufficient; and as the oath was not set out wo must presume that the proper oath was administered. The judgment is affirmed.
Judgment affirmed.
Note 66. — Pierce v. The State, 12 T., 210; The State v. Loving, 16 T., 558 ; Martin v. The State, 40 T., 19; Sutton v. The State, 41 T., 513; Bray v. The State, 41 T., 560.