## THE STATE v. McCLINTIC.

1. **Seduction:** EVIDENCE: CORROBORATION OF PROSECUTRIX. In a prosecution for seduction by means of a promise of marriage, the fact that the parties kept company together, and acted as lovers usually do, and other circumstances, are regarded as sufficient, in corroboration of the prosecutrix, to connect the defendant with the crime; (see *State v. Wells*, 48 Iowa, 671;) and the evidence in this case (see opinion) *held* sufficient for that purpose.

2. ———: ———: ———: EXACT TIME. The exact time of a seduction is not material in a prosecution for that offense; and if it was accomplished about or near the time named in the indictment, and fixed by the prosecutrix in her evidence, it is sufficient. (Compare *State v. Bell*, 49 Iowa, 440.)

3. ———: ALIBI: REBUTTAL: WITNESS' NAME NOT ON INDICTMENT. A defendant who relies upon an *alibi* has the burden to prove it, and evidence tending to contradict that introduced to establish the *alibi* is rebutting evidence; and it is not required that the name of the witness giving such evidence should be on the back of the indictment.

4. **Instructions:** CHARGE COMPLETE: REFUSAL TO GIVE OTHERS. Where the charge of the court fully and fairly presents the law of the case, it is not error to refuse to give other instructions asked.

5. ———: OBJECTIONS TO GARBLED EXTRACTS. Counsel cannot select words and expressions from instructions, and isolate them from the body of the charge, and then claim that such words and expressions are erroneous, if the charge as a whole fully and fairly presents the law of the case. (See paragraphs 3 and 4 of the opinion for illustrations.)

6. **Seduction:** CHASTE CHARACTER PRESUMED. In a prosecution for seduction, the chaste character of the prosecutrix is presumed until assailed as a matter of defense, and then the defendant has the burden of proof.

*Appeal from Henry District Court*—Hon. A. H. Stuts-
man, Judge.

Wednesday, December 21.

Indictment for seduction. Trial by jury. Verdict guilty,
and judgment. The defendant appeals.

*R. Ambler*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

Seevers, J.—I. The prosecuting witness testified that she
was an unmarried woman, and that the defendant promised

1. seduction: to marry her, and thereby accomplished her
evidence: cor-
roboration of seduction; that the seduction took place on the
prosecutrix. 27th day of January, 1884, and as to this time
she was quite positive. She also testified that defendant had
visited and sought her company frequently, during a period
of two years or more, at her father's house, and at her
brother's and brother-in-law's; that on such occasions she
and the defendant were alone the greater part of the night.
The evidence of the prosecuting witness was corroborated, to
some extent, by her mother, father, brother and brother-in-
law, as to the visits, and as to the defendant being in her
company as above stated. The seduction was accomplished
at her brother's house, as the prosecuting witness testified,
and that it was on Saturday night; and her brother testified
that she met the defendant at his house Saturday, in the even-
ing. W. R. Mason testified that he, in a conversation with
the defendant in which he said he was going away, "asked
him why he was going so sudden, and he said, 'Nothing in
particular.' I said, 'You might as well come out with it; I
have heard what is going through the neighborhood.' I
asked him, then, 'Do you deny fixing the girl up the way
the report was?' He said he did not deny it. I said, 'Why
don't you go and marry her?' He said he never intended to.
I said, 'Why didn't you let her alone, then?' He said, 'The

old man would not let me come to the house now.' He says, 'I have got her fixed; he can take her and go to hell with her.'"

It is contended by counsel for the defendant that there is no evidence which sufficiently corroborates the prosecutrix, and which tends to connect the defendant with the offense; but we think the evidence is clearly sufficient in this respect. The jury were fully warranted in finding that what the defendant said to Mason had reference to the prosecuting witness, and that he had sexual intercourse with her. It is true, there is no corroborative evidence that he used any seductive arts, or that the seduction was accomplished under a promise of marriage. Such evidence cannot usually be obtained. Evidence of the use of seductive arts, other than that of the prosecutrix, cannot usually be obtained more easily and readily than the fact of sexual intercourse; and this is true in most cases as to a promise of marriage. For a time, at least, if the promise precedes the seduction, it is usually known to the parties only. The fact that the parties kept company together, and acted as lovers usually do, and other circumstances, are regarded as sufficient as corroborating evidence tending to connect the defendant with the offense. (*State v. Wells*, 48 Iowa, 671.)

It is also said that the prosecutrix is not corroborated as to the time when she states the seduction took place. But the exact time is never material. Although the prosecutrix may be quite positive in this respect, she is not infallible, and may be mistaken; and it is not material that the seduction occurred on the particular day named by the prosecutrix. It is, therefore, not essential that she should be corroborated as to the exact day. In this connection, we deem it proper to say that the instructions of the court, that if the seduction was accomplished about or near the time named in the indictment, and fixed by the prosecutrix in her evidence, it was sufficient, are correct. (*State v. Bell*, 49 Iowa, 440.)

2. ——: ——: ——: exact time.

II. Evidence was introduced by the defendant tending to

show that he was not at the place where it is claimed the
**3. ——: alibi: rebuttal: witness' name not on indictment.** seduction took place on the night of the 27th of January, 1884. The state, in rebuttal, introduced Mary Kurtz, and asked her whether or not the prosecutrix was at her house the latter part of January, 1884. To this question the defendant objected, as "incompetent, immaterial, and not in rebuttal." The objection was overruled, and the witness answered: "Yes, she was." The witness was then asked: "State whether or not the defendant was at your house, if you saw him, and talked with him, and if he visited with her at that time." A similar objection to this question was overruled, and the witness answered: "He did." It is urged that the name of this witness was not indorsed on the back of the indictment, and therefore her evidence is not admissible; but this point is not well taken, if the evidence can properly be regarded as rebuttal. It is also objected that it should have been introduced in chief; but the fact that evidence was admissible in chief does not establish that it was not admissible in rebuttal. The defendant undertook to establish an *alibi*. This is a defense, and as to it the burden was on him. The state could not anticipate such a defense, but it had the right to introduce evidence in rebuttal which tended to contradict the evidence which tended to establish an *alibi*. Therefore the court did not err in admitting the evidence.

III. The charge to the jury contains 26 paragraphs or propositions of law, and we regard them generally as favor-
**4. INSTRUCTION: charge complete: refusal to give others.** able to the defendant; and the charge fully presents the law of the case, and therefore the instructions asked by the defendant were properly refused. Several of the paragraphs and particular parts of the charge are said to be erroneous. Counsel have selected words and expressions, and isolated them from the context
**5. ——: objections to garbled extracts.** and body of the charge, and then claim that such particular words are erroneous. The rule, however, is well settled that the charge, as a whole, must be read and considered, and that prejudicial error can-

not necessarily be based or found to exist because certain words are not the best possible words that could have been selected to convey the thought intended to be expressed. Having said this much in a general way, we will proceed, so far as may be regarded as necessary, to notice the particular objections made.

In the second paragraph, the court defined the crime with which the defendant was charged as follows: "The law provides that if any person seduce and debauch an unmarried woman of previously chaste character, he is guilty of a violation of the criminal law; and in this case it is charged that the defendant seduced, debauched, and had carnal knowledge of, the prosecutrix, which means that by seductive arts and influences the defendant induced the prosecutrix to yield her person to him for the purpose of sexual intercourse, which was accomplished and consummated as claimed." No objection is made to this paragraph. The third paragraph is as follows : "To warrant a conviction, the state must prove each and all of the allegations charged in the indictment beyond a reasonable doubt. The state must prove that the prosecutrix was an unmarried woman, and that he seduced and debauched her. * * * If these facts are established beyond a reasonable doubt, then you shall find the defendant guilty of the crime charged. * * *" This paragraph is objected to, because the court failed to say, in addition to what is said, that, to warrant a conviction, it must appear that the prosecutrix was of chaste character. It will be observed that the court stated in the first place what the state was required to prove, and omitted to say anything about chaste character, for this is presumed, and no proof is required on the part of the state. It, however, constitutes a defense to be shown by the defendant, and that he introduced evidence so tending must be admitted. But, when the second and third paragraphs are read together, it will be seen that the court meant, and the jury must have understood, that the defendant could not be convicted if the prosecutrix was not of

6. SEDUCTION: chaste character presumed.

chaste character. But, if this be doubtful, such doubt is dissipated when the fourth, fifth and sixth paragraphs of the charge are read and considered. In the fourth the court said, in substance, that the jury must determine, from the evidence introduced, whether the prosecutrix was of chaste character; and in the fifth, the court said as follows: "To determine whether the crime charged against the defendant has been committed, the true character of the prosecutrix must be ascertained and determined." This is followed by a definition of what constitutes chaste character, which is clearly correct. It is not deemed necessary to quote any portion of the sixth paragraph. It will be observed that the court said in substance, and the jury, must have understood that, the defendant could not be found guilty if she was of unchaste character. If she was, no crime had been committed. It is urged that the court did not in words say that, if she was of unchaste character, the defendant must be acquitted. The jury, if of ordinary intelligence, (and this must be presumed,) must, however, have so understood. The several paragraphs we have been considering sufficiently, we think, and in clear and unmistakable terms, state fully the law applicable to the case; and therefore the omission to refer to the chaste character of the prosecutrix in the third paragraph cannot be regarded as prejudicial.

IV. The nineteenth paragraph of the charge is as follows: "If a witness has testified whose general reputation for truth and veracity has been successfully impeached, you have a right, if you think proper, to disregard such testimony wholly or partially, as you think the necessity of the case may require or admit; but whether or not such witness has been successfully impeached you are to determine by all the facts in the case, and in determining whether or not the testimony of a witness has been successfully impeached, you must take all the testimony introduced to impeach and sustain the character of such witness, and from the evidence determine what weight, if any, you will give to the testi-

mony of such witness." The use of the words " necessity of the case," as used in this instruction, is said to be erroneous. That there is some doubt as to what the court meant must be admitted. The words used do not seem appropriate, but we think it is clear that the court did not mean the necessity either to convict or acquit. By the use of the word " case," the court meant evidence, or, rather, that the jury could wholly or partially reject or admit—that is, give credit to— as the necessity of the evidence required. After reading over the whole charge of the court, we feel constrained to say that the defendant could not possibly have been prejudiced by the giving of the instruction referred to. While we regret that the instructions in the form they are before us were given, in justice to the court we desire to say they are presented to us in type-writing; but that there are inaccuracies therein, apparent on the face of the record, we think cannot be doubted. Some other paragraphs of the charge are objected to which we have not specifically noticed, for the reason that the objections urged amount, as we think, to mere criticisms, and are without substantial merit.

It is urged that the verdict is not sustained by the evidence, but we cannot disturb it on this ground. We have read the evidence, and think the jury could well find as they did. It is true, there is evidence tending to show that the prosecutrix was not of chaste character. Its sufficiency, as well as the credit to be given to the witnesses who testified in relation thereto, was the province of the jury to determine. So, as to the time the seduction took place, and as to the *alibi*.

The judgment of the district court is

AFFIRMED.