The State v. Bell.

---

## THE STATE v. BELL.

1. **Seduction:** EVIDENCE: LETTERS FROM DEFENDANT. In a prosecution for seduction, letters purporting to have been written and sent by the defendant to the prosecutrix, and as to which there was evidence tending to show that they were so written and sent, and the contents of which tended to show the relations between him and the prosecutrix, were properly admitted against him.

2. ———: ———: ———: INSTRUCTION. Where, in such case, the letters purported to be from defendant, and the prosecutrix testified that she received them, and another witness testified to having carried letters from him to her, but defendant's experts expressed the opinion that they were not all in the same handwriting, the court properly instructed that if defendant had some other person write any of them, and he then sent them as his own, the effect would be the same as if he had written them himself.

79 117
84 524
79 117
88 62
79 117
a109 679

3. ——— : ——— : CORROBORATION. Where, in addition to the contents of such letters, there was other evidence tending to show intimacy and courtship between the parties, the prosecutrix was sufficiently corroborated, as required by section 4560 of the Code, to justify a verdict of guilty. (As to what constitutes corroboration in such cases, see cases cited in opinion.)

*Appeal from Warren District Court.*—Hon. W. H. McHenry, Judge.

FILED, JANUARY 27, 1890.

THE defendant was indicted for the crime of seduction, and on arraignment pleaded not guilty. Trial to a jury. Verdict of guilty. Defendant's motion for new trial overruled, and judgment on the verdict. Defendant appeals.

*Powell & McGarry* and *H. McNeil,* for appellant.

*John Y. Stone,* Attorney General, for the State.

GIVEN, J.—I. This case is submitted upon transcript and written briefs. On the trial, certain letters were produced by the prosecutrix, which she testified she had received from the defendant, and that they were in his handwriting. Another witness for the state expressed an opinion that they were in the defendant's handwriting, and one David Stevens testified to having carried several letters from the defendant to the prosecutrix, and answers from her to him. Appellant objected to the introduction of the letters produced as immaterial, and not sufficiently identified as being from the defendant, which objection was overruled. The original letters accompany the transcript, and are before the court. The contents of these letters, if from the defendant, are quite material, as tending to show the relations that existed between him and the prosecutrix. There certainly was evidence tending to show that these letters were from the defendant; hence there was no error in overruling the objection, and admitting the letters.

*1. SEDUCTION: evidence: letters from defendant.*

II. The defendant having introduced evidence of experts who expressed the opinion that the letters were not all in the same handwriting, the court instructed the jury that, if the defendant had some other person write them or any of them, and he then sent them to the prosecutrix as his letters, the effect would be the same as if he had written them himself. Appellant contends that there was not testimony upon which to base such an instruction, and cites a number of cases holding that to so instruct is prejudicial error. The letters purport to be from J. N. Bell. The prosecutrix testifies to receiving them, and David Stevens to having carried letters from the defendant to her. The testimony of the defendant's experts raised the question as to whether the letters were all in the same handwriting. The letters were before the jury, and they were at liberty to make their own comparisons. The instruction was evidently correct, and called for by the state of the testimony.

2. —: —: —: instruction.

III. Appellant's further contention is that the verdict is not supported by the testimony, and especially in that the prosecutrix is not corroborated as required by section 4560, Code, and because it does not appear that she was previously of chaste character. That the crime charged was committed may be established by the testimony of the prosecutrix alone, but she must be corroborated by other evidence tending to connect the defendant with the crime. *State v. McLaughlin*, 44 Iowa, 82. In cases like this, facts showing intimacy, courtship and attending circumstances are corroborating evidence. *State v. Andre*, 5 Iowa, 389; *State v. Curran*, 51 Iowa, 112. The fact that the parties kept company together, and acted as lovers usually do, and other circumstances, may be sufficient corroboration. *State v. McClintic*, 73 Iowa, 663. In addition to what we have already said about the letters, there was other testimony tending to show intimacy and courtship between these parties. It is contended that the letters produced, being identified by

3. —: —: corroboration.

the prosecutrix alone, should not be considered as corroborating evidence. We have mentioned other evidence tending to identify the letters, and from which, and the face of the letters, it might be inferred that they were from the defendant to the plaintiff; and hence we hold that they were proper corroborating evidence, without now determining whether they would be such if their identification rested solely upon the testimony of the prosecutrix. We are clearly of the opinion that there was testimony corroborating the prosecutrix in her statements tending to connect the defendant with the commission of the offense charged.

Upon the issue as to the previous chastity of the prosecutrix, the defendant introduced testimony tending to show improper conduct and associations on her part during the time that she was employed in the city of Des Moines. We conclude from the character of the witnesses called, the nature of the statements made, and their inconsistency with the former life of the prosecutrix, that there was vastly more of fabrication than fact in the testimony. The state added to the presumption of chaste character the testimony of a number of neighbors and acquaintances that her previous character for chastity was good. Some stress is laid upon the claim that the prosecutrix was older and more experienced than the defendant. They were both of mature years, he but little younger than she, and a widower with two children. Neither should be heard to urge want of age and experience in excuse of their wrong. We have examined the entire transcript and argument with care, and find no error in the rulings and instructions of the court, and are of the opinion that the testimony fully supports the verdict. The judgment of the district court is therefore        AFFIRMED.