# CHARLESTON.

## STATE v. ICE.

*(HOLT, JUDGE, absent.)

Submitted September 5, 1890.—Decided November 28, 1890.

1. CRIMINAL PROCEEDINGS—JURY—OATH.
    Where it appears by the record in a felony case that the jury were elected, impanelled, tried and sworn as required by law, it will be presumed in this Court that the proper oath was administered to them, and especially is this the case where the prisoner and his counsel were present in Court and made no objection at the time the oath was administered.

2. CRIMINAL PROCEEDINGS—JURY—SHERIFF.
    During the progress of a trial for felony it is the duty of the sheriff and his deputies to keep the jury together *etc.*, as required by law, but it is not necessary that they should be sworn so to do at each recess or adjournment of Court.

*Case submitted before Judge Holt's appointment.

3. CRIMINAL PROCEEDINGS—EVIDENCE.

When on a trial for murder a witness for the State had been examined by the State, and said witness had testified that on a certain occasion, a few days after the inquest had been held, the prisoner was cutting timber near the residence of witness, and that prisoner did but little work, and stopped and talked a great deal, and after the witness was turned over to prisoner's counsel for cross-examination the prisoner by his counsel asked said witness if it had not been communicated to the prisoner that he was still suspicioned as having killed the deceased, whereupon the assisting prosecuting attorney suggested to attorneys for the prisoner, in the hearing of the jury, that the attorneys could prove this fact—that is, whether this matter had been communicated to the prisoner—by their own parties when they are put on the stand, to which remark the prisoner objected. This suggestion, made by said assistant prosecuting attorney, could not be considered as a reference made to or comment upon the prisoner's failure to testify in his own behalf, or as falling within the inhibiting clause of section 19, c. 152, Code.

4. CRIMINAL PROCEEDINGS—EVIDENCE.

Where the evidence given is certified in the bill of exceptions, and not the facts proved, and it does not appear from said bill of exceptions that the evidence certified was all of the evidence before the jury upon which they found their verdict, it does not affirmatively appear that the verdict is contrary to the evidence, or that it was error in the Court below to refuse a new trial on the ground that the verdict was against evidence.

*A. Edmiston* and *W. W. Brannon* for plaintiff in error, cited:

8. W. Va. 707 ; Price v. Com., 21 Gratt.; 3 Greenl. Ev. § 29, 30, 130, 134 ; 1 Bish. Crim. Pr. § 983 ; 22 W. Va. 815 ; Rap. Crim. Pro. § 341 ; Whar. Crim. Ev. §§ 435, 435a 783 ; 25 Am. Rep. 87 ; 26 Am. Rep. 19 ; 26 W. Va. 134; Ewell Med. Juris. 72–80 ; Whar. & Steele Med. Juris. " Drowning " ; 26 W. Va. 122, 134; 11 Am. St. Rep. 197 ; 4 Am. & Eng. Ency. Law 309 ; 31 W. Va 506 ; 10 Gratt. 712 ; 21 Gratt. 809 ; 14 W. Va. 851 ; 10 S. E. Rep. 645, 646.

*Attorney-General Alfred Caldwell* for the State cited:

Rob. Forms 55 ; 2 Hale P. C. 293; 49 Ala. 39; 18 Ia. 452 ; 30 Gratt. 849 ; 31 W. Va. 499 ; 23 W. Va. 812, 813 ; 8 Leigh 745 ; 8 Gratt. 648 ; 3 Rob. Prac. (old) 246 ; Code c. 152. s. 19 ; 22 W. Va. 185 ; 18 Ohio St. 366 ; Kan. Laws 1871, c. 118, s. 1 ; 31 Kan. 357 ; 77 Mo. 294 ; 110 Mass. 411 ; 114 Mass. 285 ; 123 Mass. 241 ; 141 Mass. 58, 61 ; 147 Mass.

76 ; 56 Ind. 185 ; 77 Va. 395 ; 14 Gratt. 631 ; 22 Gratt. 924 ; 25 Gratt. 905 ; Whar. Crim. Pl. & Pr. (8th Ed.) § 577.

ENGLISH, JUDGE :

At the October term, 1889, of the Circuit Court of Lewis county, an indictment was found against one Herschel Ice, charging him with the murder of one Jacob H. Alkire. After several continuances of the case the prisoner appeared in court, and pleaded "not guilty," and issue was thereon joined ; and thereupon came a jury, who, the record states, were "elected, tried, impanelled, and sworn according to law to try the issue joined." On the 25th day of June, 1890, the jury returned a verdict of guilty of murder in the second degree ; and on the 28th day of June, 1890, the prisoner, by his counsel, moved the court to set aside the verdict of said jury and grant him a new trial ; which motion the court overruled, and judgment was rendered that the said Herschel Ice be imprisoned in the penitentiary of this State for the term of six years.

On the trial of the case the prisoner excepted to certain rulings and opinions of the court, and tendered several bills of exceptions marked, respectively Nos. "1," "2," "3," and "4," which were made a part of the record ; and thereupon the prisoner applied for and obtained a writ of error to this Court.

The first error assigned by counsel for the plaintiff in error, towit : "The record does not show the finding of any indictment against the prisoner, that part of the record relating to such finding being the mere certificate of the clerk," need not be considered, by reason of the fact that upon a diminution of the record being suggested, the omitted portion of said record sent up in response to the writ of *certiorari* discloses the fact that there was a proper record of the finding of said indictment.

The second error relied on by counsel for the prisoner is as follows : "It was error to swear the jury to try the issue joined, as was done in this case, such oath not being proper in a case for a felony." Now, it is true that this oath was not in accordance with the time-honored formula prescribed in Robinson's Forms, p. 55 : "You shall well and truly

try and true deliverance make between the State and A. B., the prisoner at the bar, whom you shall have in charge, and a true verdict give according to the evidence, so help you God;" but the record does show that the jury was elected, tried, impanelled and sworn according to law; and we find the weight of modern authority to hold that, where the record shows in a felony case that the jury were sworn as required by law, we must presume that the proper oath was administered to them; especially is this the case where the prisoner and his counsel were present in court and made no objection at the time the oath was administered.

In case of *Russell* v. *State*, 10 Tex. 288, we find it is held: "Where the entry of judgment in a criminal case, after stating the appearance of the parties and the coming of the jury, continued, "who, being duly elected, impanelled and sworn the cause to try according to law, and after hearing the evidence, * * * * that the entry could not be regarded as a statement of the form or substance of the oath which was really administered to the jury, and the judgment was affirmed.

In the case of *Wrocklege* v. *State*, 1 Ia. 168, it was held: "Where the record shows that the jury were sworn the truth to speak upon the issue joined, it is a sufficient compliance with the statute, and at least that the court must so consider it where the record does not show that objection was taken to the oath in the court below."

In the case of *State* v. *Ostrander*, 18 Iowa, 436, the court held: "The record of the trial of an indictment recited that where the jury were duly impanelled and sworn well and truly to try the cause (naming it) and a true verdict give thereon, according to the evidence and the best of their ability," in the absence of a record showing the contrary, it will be presumed that the oath was in due form; "that, assuming that the record set out the oath literally as it was administered to the jury, it was sufficient."

In the case of *Lawrence* v. *Com.*, 30 Gratt. 849, Judge MONCURE, after quoting the old form of the oath administered to the jury in such cases from 3 Rob. Pr. (Old) 174, says: "There can be no doubt as to the correctness of this form, which is generally, if not always, pursued in cases of

felony, and was no doubt pursued in this case, but is not prescribed by any law, common or statute, and one of the same import would be sufficient. It is not necessary that the form should be copied in the record, but sufficient that the jury should therein appear to have been duly sworn." In that case it appears from the record that the jury "were sworn the truth of and upon the premises to speak," and yet the court held that it was not necessary that the form of the oath administered to the jury should be entered on the record, but it was sufficient if it appeared that they were duly sworn.

In the case under consideration, it appears that the jury were elected, tried, impanelled and sworn according to law to try the issue joined; and if the record in *Lawrence's Case, supra,* is to be regarded as sufficient, much more must it be considered sufficient in this case.

The third, fourth, fifth, sixth and seventh assignments of error relate to the oath administered to the sheriff and his deputies by the clerk at different times during the trial, and it is claimed that the oath so administered at the different times referred to is not sufficient. The questions raised by these assignments have already been passed upon by this Court in the case of *State* v. *Poindexter,* 23 W. Va. 805, in which it was held: "While it is customary for the Circuit Court, engaged in the trial of a felony case, before its adjournment until the next day to administer to the sheriff or some of his deputies the usual oath that he or they, will keep the jury together, and neither speak to them nor permit any other person to do so until they return into court,' yet there is no law requiring the court to do so, and, if the same be done, no additional duty or responsibility is thereby imposed upon the sheriff or other officer." In the case of *State* v. *Shores,* 31 W. Va. 491 (7 S. E. Rep. 413) Johnson, P., in delivering the opinion of the Court, said : "It is assigned as error that the sheriff or deputy was not sworn each day they had the jury in charge. It is not necessary that during the progress of the trial of a felony case the sheriff or deputy should be sworn each day to keep the jury together etc., that being their duty under the law;" citing *State* v. *Poindexter,* 23 W. Va. 805.

The eighth assignment of error relied on by the counsel for plaintiff in error is: "It was error to proceed further with the trial of the prisoner before the jury then impanelled, after the remarks made by G. M. Chidester, who was assisting in the prosecution, and W. B. McGary, the prosecuting attorney, which remarks are set out fully in bill of exceptions No. 1. Referring to said bill of exceptions, we find it certified that," during the progress of the trial of the case, and while Perry Robinson, a witness for the State, was on the witness stand, and was testifying to the effect that a few days after the inquest, the 21st day of July, 1889, had been held, the prisoner and Perry B. Smith were cutting timber near witness's residence, and that they did but little work, and stopped and talked a great deal; and, after said witness had been examined by the State, the prisoner by his counsel asked said witness if it had not been communicated to the prisoner and said Smith that they were still suspicioned as having killed the deceased; whereupon Mr. G. M. Chidester, an attorney-at-law who was assisting the prosecuting attorney in the prosecution of this case, suggested to attorneys for the prisoner, in hearing of the jury, that the attorneys for the prisoner could prove this fact, that is—whether this matter had been communicated to the prisoner and Smith—by their own parties, when they are put on the stand; to which remark the prisoner objected; and thereupon the court, looking to the jury, promptly announced that it disapproved of the remark; whereupon Mr. Chidester replied that he referred to the witnesses of the defence, and not to the parties themselves; and thereupon W. B. McGary, prosecuting attorney, remarked to Mr. Chidester to stop talking about the matter; and thereupon the prisoner by his attorneys excepted to all these remarks and conversations. It is insisted by counsel for plaintiff in error that it was error in the court to proceed with the case before the jury then impanelled, after the remarks of counsel for the State mentioned in said assignment of error No. 8.

In determining this question we will examine first the statute which counsel for the plaintiff in error claimed was violated by the remarks made by the assistant prosecuting

attorney and the prosecuting attorney himself. Section 19, c. 152 of the Code provides:

"In any.trial or examination in or before any court or officer, for a felony or misdemeanor, the accused shall, at his or her own request. (but not otherwise) be a competent witness in such trial and examination. * * * But a failure to make such request shall not create any presumption against him or her, nor shall any reference be made to nor comment upon such failure by any one during the progress of trial, in the hearing of the jury."

Now, so far as appears from the statement of facts and circumstances contained in said bill of exceptions No. 1, Perry Robinson was a witness introduced by the state, and the state had not at that time rested its case; but after completing the examination in chief of the witness Robinson a question was propounded to him by counsel for the prisoner by way of cross-examination, as to whether Perry D. Smith and prisoner had not been advised that they were still suspicioned as having killed the deceased; then Mr. Chidester, the assistant prosecutor, suggested to attorney for prisoner, in hearing of the jury, that the attorneys for the prisoner could prove this fact, that is—whether this matter had been communicated to the prisoner and Smith— by their own parties, when they are put on the stand. It will be perceived that the time had not yet arrived when, according to the practice, the prisoner, if he had been ever so much disposed, could have introduced himself as a witness, and as a matter of course at that time he had neither made the request nor declined to make the request to be allowed to testify as a witness in the case, and consequently no remark then made would be obnoxious to the latter portion of said section, which reads: "But a failure to make such request shall not create any presumption against him or her, nor shall any reference be made to nor comment upon such failure, by any one, during the progress of the trial, in the hearing of the jury." The time not having arrived in the progress of the trial, when he would have been allowed to make such request to testify, he surely had not failed to make the request, and until he failed to make such request, as a matter of course, there could be no

reference made to nor comment upon such failure. The language of the statute clearly contemplates an opportunity having been afforded the prisoner to become a witness, and his failure to avail himself of it, and then forbids reference being made to or comment upon such failure by any one during the progress of the trial in the hearing of the jury; and, no reference having been made to or comment upon such failure in this case, I do not think that either the letter or spirit of the statute has been violated by allowing the trial to proceed after the remarks referred to in said bill of exceptions.

The ninth error assigned by counsel for the plaintiff in error is that the court erred in instructing the jury: "Proof beyond a reasonable doubt is not beyond all possible or imaginary doubt, but proof to a moral certainty, rather than an absolute certainty." This instruction we think propounds the law correctly, and the court acted properly in overruling the objection thereto, as there might surely be many possible or imaginary doubts which could by no means be considered reasonable.

The instruction asked for by the prisoner's counsel, as set forth in bill of exceptions No. 3, which reads as follows: "The court instructs the jury that, if they entertain the least reasonable doubt from the evidence as to whether Jacob H. Alkire was murdered or not, they should find the defendant 'not guilty' "—was properly rejected by the court; and that the instruction given by the court in lieu thereof, as follows: "The court instructs the jury, that, if they entertain any reasonable doubt from the evidence as to whether Jacob H. Alkire was murdered or not, they should find the defendant 'not guilty' "—makes a proper amendment to the instruction asked by counsel for the prisoner, and is in accordance with the law.

It is further assigned as error by counsel for the prisoner, that the court refused to set aside the verdict and grant a new trial on the ground that the same was contrary to law and the evidence. The bill of exceptions, however, purports to set out the facts proved, and we must regard it so far as it states what was proved as a certificate of the evidence; and as it does not appear that the evidence certified

was all the evidence which was offered to the jury by which they arrived at their verdict, and from all that is stated in the bill of exceptions there may have been other evidence before them, we can not say whether the verdict rendered was contrary to the evidence or not ; and as it does not appear affirmatively that it was contrary to the evidence, following the ruling of this Court in the case of *Bank of the Valley* v. *Bank of Berkeley*, 3 W. Va. 386, we can not say that the court committed an error in refusing to grant a new trial because the verdict was contrary to the evidence.

This disposes of the errors assigned by counsel for the plaintiff in error, and for the reasons hereinbefore stated the judgment of the court below must be affirmed.

AFFIRMED.