THE STATE OF IOWA, Appellant, v. ERNEST D. SMITH, Appellee.

**Seduction:** CORROBORATION OF PROSECUTRIX: EVIDENCE. The provision of section 4560 of the Code, that in a prosecution for seduction the defendant cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense, does not require that the corroboration shall extend to all the essential elements of the offense. It is sufficient if there is corroborating testimony as to' intimacy and courtship between the parties, and to the fact of their being together at the time and place where the offense is alleged to have been committed.

*Appeal from Johnson District Court.* — HON. S. H. FAIRALL, Judge.

WEDNESDAY, FEBRUARY 3, 1892.

INDICTMENT for seduction. At the close of the evidence for the state the court, on motion for the defendant, directed a verdict in his favor, and from a judgment for costs against the state it appeals.— *Reversed.*

*C. S. Ranck, M. J. Wade* and *John Y. Stone,* Attorney General, for the state.

No appearance for appellee.

GRANGER, J.—The grounds of the motion of the court to direct a verdict for the defendant are: *"First.* Conceding all the evidence now before the jury to be true, it is not sufficient in law to sustain a verdict of guilty. *Second.* The testimony of the prosecutrix is not corroborated by any other evidence tending to connect the defendant with the commission of the offense of seduction."

A question presented for our consideration is whether or not there was such corroborating evidence of the prosecutrix that it was error for the court to

direct a verdict for the defendant. The prosecuting witness testified to the fact of the sexual intercourse, and the time and place of its occurrence—August 25, 1889— in a certain pasture; that for some time prior thereto the defendant had been attentive to her, visiting her at her home from time to time, meeting with her alone, professing to love her; and they were engaged to be married. He contemplated going west, and said he would be back December second, and she said she would go with him and get married there. At this time he solicited the intercourse with her, stating that "there would be no harm in it." In her testimony she said: "I would not have had sexual intercourse with him if he had not promised to marry me. I believed him and trusted him, and thought there would be no harm, as he told me there would be none." There is no direct corroborative evidence of the seductive arts or promises to obtain the intercourse, and the law does not require it. *State v. McClintic*, 73 Iowa, 663. The mother of the prosecuting witness testified that the defendant had been going with her daughter and giving her attentions, and her testimony tends to show that both were in the pasture on the twenty-fifth of August. A brother of the prosecuting witness testified: "I am a brother of Cora B. Miller. I am eighteen years old. I have known the defendant for about five years. I have seen defendant at our place. I saw him at Iowa City. I brought Cora to the city. I saw Cora and the defendant together in the city. This was in September, 1889. They were at Burckle's hotel eating dinner when I saw them. They were talking and eating, acting very friendly towards each other. I have seen them together very frequently at my father's house before I saw them in Iowa City; I don't know how often, but a good many times." The testimony of the prosecuting witness also shows that the time was fixed for their marriage, and that she made preparations for it, and that he neglected to fulfill his engagement. A

child was born to her on the twelfth day of May thereafter. A sister of the prosecuting witness testified that, as she drove the cows to the pasture for water on the twenty-fifth of August, 1889, she came within about eighty feet of the defendant and the prosecuting witness and saw them in the act of sexual intercourse.

By Code, sec. 4560, it is provided: "The defendant, in a prosecution for a rape * * * or for seducing and debauching any unmarried woman of previously chaste character, cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." Under this section it has been held that the offense of a rape may be established by the testimony of the injured party alone, but to establish it against the defendant the testimony of the injured party must be corroborated. The same rule obtains in a prosecution for seduction, for the language as to corroboration applies alike to the two offenses. *State v. Bell*, 79 Iowa, 117. In the case at bar, then, the jury could, from the testimony of the prosecutrix, have found that the offense of a seduction was established. But to fix the crime upon the defendant, her testimony must be corroborated by evidence tending to connect him with the offense. This corroboration need not necessarily be as to all the essential elements of the offense. *State v. McClintic*, 73 Iowa, 663. These rules of law, under the facts of the case, leave no question for elaboration. The corroborative evidence not only tends, but, if true, actually establishes the defendant's connection with the offense. The testimony other than that of the prosecuting witness shows "intimacy and courtship between the parties," as well as actual intercourse; and that they "kept company together." See *State v. Curran*, 51 Iowa, 112; *State v. Bell*, 79 Iowa, 117, and *State v. McClintic, supra*. In the first cited case it is said: "The fact that he was the suitor, proven otherwise than by her own testimony,

tends to make credible her testimony that her proven seduction was effected by him." If so, it must tend to connect him with the offense. The sufficiency of the testimony as a whole to so connect him would be a question for the jury.

We have no intimation of, nor can we conjecture, the controlling thought with the district court in sustaining the motion. The foregoing is the question receiving the principal attention in the argument. Some other questions are presented, the decision of which we think the public good does not demand in the absence of briefs and arguments for both parties. The order of the district court in sustaining the motion to direct a verdict for the defendant is REVERSED.