The State of Iowa, Appellee, v. Jacob Baldoser, Appellant.

1. **Criminal Law**: OMISSION OF DEFENDANT TO TESTIFY: COMMENT BY STATE'S ATTORNEY: NEW TRIAL. Where during the trial of a criminal cause, before the close of the evidence in chief for the state, the attorney for the prosecution in the course of argument to the court upon the admissibility of certain testimony, but in the presence and hearing of the jury, remarked, "they have the same right we have to put the defendant upon the stand, and let him tell his story, the same as we have," *held*, that the statement was within the prohibition of section 3636 of the Code against reference by the state's attorney to the failure of the defendant to testify in his own behalf, and entitled the defendant to a new trial upon that ground.

2. **Seduction**: EVIDENCE: CORROBORATION OF PROSECUTRIX. Where in a criminal prosecution for seduction the prosecutrix testifies, that she submitted to the defendant's solicitations under promise of marriage, evidence of others that within the time the crime is alleged to have been committed, the defendant and prosecutrix acted as lovers, and that the defendant stated that he and the prosecutrix were to be married, is sufficient to go to the jury as testimony in corroboration of the prosecutrix.

3. ———: ———. It is competent in such case for the defendant to show that during the time he is alleged to have been keeping company with the prosecutrix, the latter visited the house of a witness in company with another man, and was introduced by him as his wife.

*Appeal from Keokuk District Court.*—Hon. David Ryan, Judge.

Saturday, May 13, 1893.

The defendant was indicted, convicted, and sentenced for the crime of seduction, and he appeals. —*Reversed.*

*C. H. Mackey*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

KINNE, J.—I. An exception was taken by the
defendant to the following statement made by one of
1. CRIMINAL law:  the counsel for the state to the court, dur-
omission of
defendant to     ing the trial, and in the presence and
testify: com-
ment by state's  hearing of the jury, and while he was
attorney: new
trial.           arguing the question as to the admissibil-
ity of certain testimony, viz.: "They have the same
right we have to put the defendant upon the stand, and
let him tell his story, the same as we have." When
this statement was made the state had not yet closed
its case in chief, and the defendant had not then been
afforded an opportunity to elect whether or not he
would testify. Our statute, Code, section 3636, among
other things, provides that defendants in criminal cases
shall be competent witnesses in their own behalf, but
can not be called as witnesses by the state, and, "should
a defendant not elect to become a witness, that fact
shall not have any weight against him on the trial, nor
shall the attorney or attorneys for the state, during the
trial, refer to the fact that the defendant did not testify
in his own behalf; and, should he do so, such attorney
or attorneys will be guilty of misdemeanor, and defend-
ant shall, for that cause alone, be entitled to a new
trial." The attorney general contends that the state-
ment made was not within the inhibition of the statute;
that no reference was made to the fact that the defend-
ant did not testify in his own behalf; that it was simply
the statement of a legal proposition. We are called
upon to determine whether such a statement, made
prior to the time when the defendant could be called as
a witness, comes within the statute referred to. In this
case the defendant did not testify.

In *State v. Moxley*, 102 Mo. 374, 14 S. W. Rep.
969, 15 S. W. Rep. 556, counsel for the state, in his
opening argument to the jury, said: "They have
offered not a word to show how she came to her death.
Not a neighbor is put on the stand to show what he said

caused her death.  There they are, alone.  She is in perfect health, and in the nighttime she comes to her death suddenly.  We say that common honesty, common decency, requires at the hands of that man, when he sees his neighbors, to tell how she came to her death."  It will be observed that there was no reference here directly to the fact that the defendant had not testified, and yet the court held that the language used "was an adroit and insinuating attempt indirectly to accomplish what could not have been accomplished by a direct statement."  The Missouri statute provides that the failure of the defendant to testify "shall not be referred to by any attorney in the case."  The statement was held to be a plain violation of the statute. See *Jordan v. State*, 29 Tex. App. 595, 16 S. W. Rep. 543.  The Texas statute provides that the fact that the defendant has failed to testify shall not "be alluded to or commented on by counsel in the cause," and under it, it is held, that a new trial should be awarded when allusion was made to the fact, and the district attorney read part of the legislative act prohibiting such allusions and comments.  *Hunt v. State* (Tex. App.), 12 S. W. Rep. 737.  In Indiana, under a statute similar to that in force in Texas, it is held that allusions by counsel for the state to the fact that the witness has not testified can not be cured by the court's admonishing counsel, or instructing the jury, to pay no attention to what he said.  *Long v. State*, 56 Ind. 182.  In Massachusetts it is held that the protection of the statute is not waived by any language used by the defendant's counsel in the heat of argument; that it could only be waived by the defendant's going upon the stand as a witness.  *Commonwealth v. Scott*, 123 Mass. 239; *Commonwealth v. Nichols*, 114 Mass. 285.  The statute of Illinois provides that the court shall not "permit any reference or comment to be made to or upon such neglect" to testify.  In that state it is held that the

subject must not be referred to at all, and that the fact
that when objection was made the court stopped coun-
sel, and admonished the jury, was of no avail. *Quinn.
v. People*, 123 Ill. 333, 15 N. E. Rep. 46. See, also,
*Baker v. People*, 105 Ill. 452; *Austin v. People*, 102 Ill.
261; *Angelo v. People*, 96 Ill. 209. In West Virginia,
under a statute providing, "nor shall any reference be
made to, nor comment upon, such failure, by any one
during the progress of the trial, in the hearing of the
jury," and when, prior to the state's closing a case, the
attorney for the state suggested to the attorneys for the
prisoner, in the hearing of the jury, "that the attor-
neys for the prisoner could prove this fact," that is,
that a certain matter had been communicated to the
defendant, "by their own parties, when they were
put upon the stand," which was objected to, and the
court announced that it disapproved of the remark,
whereupon counsel said he referred to the witnesses for
the defense, not to the parties, it was held that, the
time not having arrived when the defendant could tes-
tify, the language used was not objectionable. *State v.
Ice*, 34 W. Va. 244, 12 S. E. Rep. 695. In *Coleman v.
State*, 111 Ind. 563, 13 N. E. Rep. 100, the prosecutor,
in making his opening statement of the case to the jury,
said: "You should watch the evidence closely. We
do not know that the defendant will go upon the stand.
He has not been sworn. I noticed that. If he should
go on the stand, you should watch." At this point
the statement was objected to, and the objection sus-
tained, whereupon counsel for the state said, "I with-
draw the statement from the jury." Afterwards the
defendant did testify as a witness in his own behalf.
The statute of that state provides, if the defendant "do
not testify, his failure to do so shall not be commented
upon or referred to in the argument of the cause, nor
commented upon, referred to, or in any manner con-
sidered, by the jury trying the same." The law also

makes it the duty of the court, in such case, in its charge, to instruct the jury as to their duties under this statute. In that case the same claim seems to have been made as in the case at· bar, that the remarks are not within the literal prohibition of the statute. Touching this, the court said that the remarks, "although not within the literal prohibition of the statute, were nevertheless in palpable violation of its spirit and purpose; * * * that the prosecutor may not evade the statute by ingeniously injecting into his opening statement remarks which do all the mischief which the prohibitory part of the statute was intended to prevent. The effect of the remarks must have been either to coerce the defendant to testify, as has been said, "with a halter about his neck, or to induce him to remain silent."

Our own statute is more rigid in its provisions than any we have been able to find, for ours provides, not only that the fact of the defendant's failing to testify shall not be referred to during the trial, but a violation of the statute is made a misdemeanor, and such reference, alone, entitles the defendant to a new trial. In *State v. Graham*, 62 Iowa, 111, it is said: "The statute is explicit that the district attorney shall not refer to the fact that the defendant did not testify in his own behalf. There is nothing which he can say about the fact that will justify a reference to it, and courts should hold district attorneys to a strict observance of their duty in this respect." In *State v. Ryan*, 70 Iowa, 156, the language objected to was used, as in the case at bar, in an argument as to the admissibility of testimony. The court said: "If reference can be made to the fact that the defendant has not testified in his own behalf, in arguments to the court, then such a reference may be made in every case, and thereby the statute will be nullified."

No question arises, upon the record in the case at

bar, as to whether or not the language objected to was used. No admonition was given to the jury touching the use of this language. Now, it may be conceded that the reference by counsel in the words used could not have been to the fact that the defendant had not testified in the case, because up to that time he had no opportunity so to do. The state's case had not been closed. So, while the case is technically not within the statutory inhibition, it seems to us it is clearly contrary to the spirit and object of the statute. If the contention of the attorney general is correct, then counsel for the state may at all times during a trial, prior to the time the defendant has an opportunity to go upon the stand, comment upon the fact that the law permits him to testify in his own behalf; and draw inferences as to the effect of his failing to do so. Such a construction of the statute would deprive the defendant of every benefit which the legislature, by its enactment, intended to confer upon him. The lawmakers certainly never intended that counsel for the state might comment on and refer to the fact that the defendant might testify in his own behalf at all times prior to the closing of the state's case in chief, but must not afterwards refer to the fact that he had failed to take advantage of his privilege to testify. The mischief is done by directing the minds of the jurors to the fact that a defendant may testify, in advance of the time when he may be called as a witness, as well as if the comment be made after he has elected not to testify. The language, being within the spirit of the prohibition of the statute, was properly objected to, and its use was a violation of the statute. In *State v. Ryan*, 70 Iowa, 156, it is said: "Under the statute we are not permitted to inquire whether the defendant was prejudiced. This must be conclusively presumed." The provisions of the statute are absolute that in case of its violation a new trial shall be granted.

II.   The indictment charged that the defendant
seduced the prosecutrix on December 13, 1890.   The
prosecutrix testified that the act was ac-
complished on July 9, 1890, and her
child was born on October 16, 1891.
Lettie Akerman, the prosecutrix, testified that she first
became acquainted with the defendant in March, 1889;
that he went home with her from protracted meeting,
and sat up with her; that afterwards he took her to
church and visited her after they arrived home; that
from time to time he continued such attentions; that
he wrote her letters when she was away from home.
She went away shortly after July 4, 1889, and was
absent five or six weeks.   She had nothing to do with
the defendant then until February, 1890.   From that
time on the defendant kept company with the prose-
cutrix.   On July 4, 1890, he took her home from a
celebration.   At that time he told her that, if she would
do as he wanted, he would marry her.   He then solic-
ited connection with her, which she refused.   On the
sixth of the same month they met again, and on the
ninth she says she submitted, and had sexual inter-
course with him, because he promised to marry her.
After this he continued his visits until March, 1891.
In February, 1891, she told him of her condition, and
he refused to marry her, and said he was engaged to
another.

The defendant claims that the prosecutrix is not
corroborated in her statements.   The witness Shaw
testifies that the defendant began paying attentions to
the prosecutrix two years before the trial; that he came
to his place to see her, brought her from church, and
sat up with her,—fixing several times.   Flora McKin-
ney says they kept company in July, 1890; that
afterwards he told her that he and prosecutrix were to
be married Christmas.   Several other witnesses testified
to the fact that these parties kept company together,

*Margin note: 2. SEDUCTION: evidence: corroboration of prosecutrix.*

and to other facts showing that they acted as lovers usually do. It is clearly established by the testimony, other than that of the prosecutrix, that the parties were suitors and under repeated decisions of this court the facts established are sufficient in corroboration. *State v. Curran*, 51 Iowa, 112; *State v. Bell*, 79 Iowa, 117; *State v. McClintic*, 73 Iowa, 663; *State v. Smith*, 84 Iowa, 522.

III.   It is said that the verdict is not supported · by the evidence. In view of a new trial,
3. —: —.   we can not discuss the weight and sufficiency of the evidence.

IV.   The defendant sought to show by one Alice Lowe, a witness, that in January, 1891, the prosecutrix visited her house in company with a man who introduced the prosecutrix to the witness as his wife. This evidence was excluded. The evidence should have been admitted. If the prosecutrix was, during the time the defendant was going with her, and even after she claims her child was begotten, keeping company with another man and permitting him to introduce her as his wife, it would certainly tend to weaken her claim that the defendant had promised to marry her. *State v. Brown*, 86 Iowa, 121.

We discover no error in giving and refusing instructions. For the errors heretofore stated, the judgment must be REVERSED.