THE STATE v. HIGDON.

1. **Seduction:** CHARACTER OF ARTS USED. The kind and extent of seductive arts necessary to be shown in order to establish the offense of seduction depend upon the peculiar circumstances of each case, together with the condition in life, advantages, age and intelligence of the parties.

2. —— ONUS PROBANDI. The previously chaste character of .the prosecutrix in a prosecution for seduction is presumed, and the *onus* is upon the defendant to show the contrary.

*Appeal from Wapello District Court.*

FRIDAY, JULY 28.

THE defendant was indicted for the seduction of Sarah C. Jones, found guilty, and sentenced to imprisonment in the county jail for twelve months and to pay a fine of $200. He appeals. The necessary facts are stated in the opinion.

*E. H. Stiles* for the appellant.

*Henry O'Connor*, Attorney-General, for the State.

DAY, Ch. J. — Three questions are made and insisted upon by the appellant: 1st. That the evidence does not 1. SEDUCTION: show the exercise of arts of seduction; 2d. character of arts used. That the evidence does not show the prosecutrix to have sustained a chaste character at the time of the commission of the wrong complained of; 3d. That certain instructions given are erroneous.

I. The evidence shows that, in January, 1868, the defendant, who was a little less than eighteen years of age, commenced paying his addresses to the prosecutrix, who was less than fourteen. He accompanied her home from public gatherings, and visited her at her father's house about once in two weeks during a period of a year, gen-

erally remaining with her till midnight, and sometimes later. After these attentions had continued about four months, he proposed illicit commerce, stating "that it was no harm, and that nearly everybody did that way." It was not, however, until two months afterward that his design was accomplished. The prosecutrix testifies that on this occasion he talked with her about it, although she cannot remember, and does not undertake to state what was said. He told her, however, that he did not love her. This is in brief the testimony upon which the jury found the defendant guilty, and upon which the court below refused to grant a new trial.

This court, from the very nature of its review, is deprived of many advantages possessed by the jury and the *nisi prius* court. Any one at all familiar with the course of trials in these courts is aware of the great difficulty with which facts are usually elicited in cases of this nature. If the injured woman is possessed of any modesty, from the novelty and embarrassment of her situation, surrounded by a gaping and eager crowd, confronted by the court and jury, terrified by the examination and cross-examination of counsel, and with the memory of her shame ever before her, her answers are usually given in monosyllables, and fail to present a faithful narrative of the manner in which her ruin has been accomplished. And especially is this true when, as in this case, the prosecutrix has been reared in the country, and is of very tender years. The exact amount, or what kind of seductive arts is necessary to establish the offense charged, cannot be defined. Every case must depend upon its own peculiar circumstances, together with the condition in life, advantages, age, and intelligence of the parties. All these circumstances, it must be presumed, were observed and duly considered by the jury and court below. From her demeanor they could tell whether her story went beyond or fell short of the real

facts.  They could compare her with defendant in point of intelligence, culture and power of will.  The case, viewed with these aids, and in the light of these circumstances, is one of an unsophistocated country girl, less than fourteen years of age, addressed by a young man four years her senior, and perhaps very greatly her superior in knowledge of the world, who, after keeping her company till midnight once in every two weeks for six months; and the statement of a falsehood as to the criminality and generality of unlawful commerce between the sexes, succeeds / in accomplishing her ruin.  Deprived as we are of so many important facilities for reaching a correct conclusion, we cannot say that the evidence does not establish the fact of seduction.

II. The prosecutrix is presumed to have sustained a chaste character prior to the wrong complained of.  *Andre*
2. —— onus    v. *The State of Iowa*, 5 Iowa, 396.  The bur-
probandi.    den of proving a want of chastity is upon the defendant.

The only fact introduced for the purpose of impeaching her character is the following : When she was less than thirteen years of age she staid all night in the family of one Ball, her neighbor, whose family she was in the habit of visiting frequently.  She went to bed early, it being understood that one of the female members of the household would occupy the bed with her.

After she had retired Aaron Ball, a young man about twenty years of age, got in her bed and remained about half a minute, feeling her person.  As soon as he left she complained to his sister of the intrusion.  It does not appear that she was aware that he was not the female designated as her partner for the night until after he had left her bed, nor even that she was awake when he got in.  It is needless to argue that this evidence is not sufficient to brand her with a want of chastity.

III. The defendant complains of certain instructions given. They fully harmonize with the view of the law herein expressed, and need no further consideration.

Affirmed.