THE STATE v. BOWMAN.

1. **Seduction:** PREVIOUS CHARACTER. In a prosecution for seduction the previously chaste character of the prosecutrix is presumed, but such presumption may be rebutted by proven or admitted facts, or the cir-cumstances of the case.

2. **New Trial:** CONDUCT OF JURY: PRACTICE. That one of the jurors left the room where the jury were considering the case for a proper pur-pose, in the care of the deputy sheriff with whom he had no conversa-tion about the case, did not justify the granting of a new trial.

3. ———: NEWLY DISCOVERED EVIDENCE. A new trial should not be granted on the ground of newly discovered evidence, unless the applica-tion be accompanied by a showing of diligence to procure it upon the trial and unless, also, it appear to the satisfaction of the court that a different result might probably be expected if the application is granted and the case tried again.

4. ———: ———: CRIMINAL LAW. The statutes of this State do not authorize the granting of a new trial in a criminal case on the ground of newly discovered evidence.

*Appeal from Poweshiek District Court.*

WEDNESDAY, MARCH 21.

INDICTMENT for seduction. There was trial, verdict of guilty, and a motion for a new trial filed when the verdict was ren-dered. The motion was overruled and judgment pronounced

sentencing the defendant to the penitentiary. From the action of the court in the premises the defendant appealed.

At the subsequent term of the District Court the defendant presented a petition for a new trial, based on newly discovered evidence, which evidence had been discovered and come to the knowledge of defendant since the trial and judgment. The court refused to entertain such petition, and refused to grant a new trial thereon, and to such ruling the defendant excepted and appealed to this court. These two cases are docketed separately but they will be both considered and disposed of in one opinion. The bill of exceptions in the second case shows that at the time it came on for hearing the appeal in the first case had been taken to this court.

*Ballard & McCready*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

SEEVERS, J.—I.    In the third instruction the court said to the jury that the previously chaste character of the prose-

1. SEDUCTION: previous character. cutrix was presumed, but that such presumption could be rebutted by proven or admitted facts or the circumstances in the case.

This instruction is correct. *State v. Higdon*, 32 Iowa, 262.

II.    It is assigned as error that the jury disregarded the instructions and found the defendant guilty on the unsupported testimony of the prosecutrix. A careful reading of the testimony by each member of the court satisfies us all, without doubt or hesitation, that the prosecutrix was abundantly corroborated. It would serve no good purpose to point out or occupy time and space in stating our reasons for what so clearly appears in the record.

III.    Taken all together, the affidavits show that one of the jurors was permitted to leave the jury room for a necessary

2. NEW TRIAL: conduct of jury: practice. and proper purpose; that he was accompanied by the deputy sheriff, and that such juror had no conversation while absent with any one except the deputy sheriff, and with him only to the extent of asking permission to retire. The fact that the bailiff who had charge of

the jury when said juror asked leave to retire was tempor
arily absent, and he was let out of the room and returned
thereto by the deputy sheriff, can make no difference. It
affirmatively appears that no possible prejudice resulted from
said juror's having left the room and returning thereto, and
therefore a new trial should not have been granted for this
reason.

IV. It is not specially urged by counsel that the verdict is
against the evidence, still we understand them to so claim.
Here, again, a careful reading of the evidence satisfies us that
the verdict is sufficiently sustained by the evidence. If the
evidence given by the prosecutrix was believed there cannot
be a particle of doubt on this subject. That the jury and the
court below so believed is apparent. Otherwise, the verdict
should have been for the defendant, or a new trial granted.
There is nothing on the face of the evidence of the prosecu-
trix to warrant us in concluding otherwise under the settled
practice of this court.

V. A new trial was urged below and renewed here on the
ground of newly discovered evidence. It occurs to us that
3.———:newly the evidence was cumulative, but it is not entirely
discovered
evidence. clear that all of it is of that character. But there
is another reason why a new trial cannot be granted for this
cause, and that is no diligence whatever is shown in procur-
ing the testimony previous to the trial, except that of Mrs.
Vest, and it is not shown that she knows anything whatever
in relation to the guilt or innocence of the defendant. In
fact, the attorney for defendant testifies that he does not know
what she will testify to, and the affidavit of Mrs. Vest was
not procured. It is true it was shown she was absent and her
affidavit could not be procured. This certainly was unfortu-
nate, but a new trial cannot be granted unless the court should
conclude if the desired evidence was introduced on another
trial a different result might probably be expected, and this
cannot be determined from the showing made as to Mrs. Vest.
As to what is expected to be proved by Kness and Bernard,
no showing whatever as to diligence is made. All that appears
is, that these witnesses did not inform defendant of the mat-

ters within their knowledge until the day their affidavits were taken. But this is not sufficient; the defendant must show that he inquired and made efforts to ascertain what these parties and others may have known. He may not have suspected these persons knew anything, but if he had inquired of persons likely to know and made reasonable efforts this identical testimony might have been discovered in time for the trial.

This disposes of all the errors assigned or discussed by counsel, and the judgment of the District Court in the first case must be

AFFIRMED.

## THE SECOND CASE.

We regret to say that there is no statute authorizing a new trial in a criminal action on the ground that testimony material to the defense has been discovered since the trial, and which could not with reasonable efforts be discovered previous thereto. Such is the rule in civil actions, and we are unable to see why it should not prevail in criminal causes. But we cannot make law and must determine this cause as well as all others in accordance with the law as we find it to exist. The action of the court below was, therefore, correct.

4.——: ——: criminal law.

We cannot forbear remarking that, if the same diligence had been exhibited before the trial in procuring evidence as there was afterward, a different result could reasonably have been expected. The affidavits adduced very strongly tend to show that the prosecutrix was not of previously chaste character, and if we could, under the settled principles of law, consider the affidavits presented, we strongly incline to think we should come to a different conclusion from that to which we have felt ourselves bound to come. We cannot but believe that, if all the evidence contained in the affidavits had been presented to the jury, they would not have found the defendant guilty. But, as has been said, we cannot afford him any relief; his remedy, if any he has, is before another department of the government.

AFFIRMED.