## THE STATE v. WELLS.

1. **Criminal Law : SEDUCTION : CORROBORATION OF WITNESS.**  A party can-not be convicted of seduction upon the testimony of the prosecuting witness, unless she be corroborated by other evidence tending to connect him with the commission of the offense.  Circumstances stated which were held to be corroborative.

2. ———— : ———— : PREVIOUS CHASTE CHARACTER.  A presumption obtains in favor of the previous chaste character of the prosecuting witness, and all evidence of improper conduct after the time of the alleged seduction is inadmissible.

3. ———— : ———— : BURDEN OF PROOF.  In assailing the previous chaste character of the prosecuting witness the defendant must not only produce such evidence as would raise a reasonable doubt of chastity, but such as would overcome the presumption of law in its favor by a fair preponderance.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 12.

THE defendant was indicted, tried and convicted for seduc-tion.  He was sentenced to imprisonment in the penitentiary

48  671
82  615

48  671
86  126

48  671
f109  626
109  680

48  671
115  172

for two years, and appeals to this court for a reversal of the judgment against him.

*Finch & Sickmon*, and *Barcroft, Given & Drabelle*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

ROTHROCK, CH. J.—I. The court instructed the jury that, "If a man ravish and carnally know a woman by force and against her will, he is guilty of rape, and not seduction."

It is urged that the verdict is contrary to the evidence, because the complaining witness testified that the defendant first had criminal intercourse with her by force and against her will. It is true she did so state while testifying as a witness, but again she frequently stated that she was unwilling, but finally yielded to his embraces by reason of his promises of marriage. Taking all her testimony with the surrounding circumstances, including the place where the alleged guilty act was consummated, and the conduct of the parties before and after the act, which we need not repeat, we think the jury were fairly warranted in finding that the crime, if any was committed, was not rape.

II. The court properly instructed the jury that the defendant could not be convicted upon the testimony of the prosecuting witness, "unless she be corroborated by other evidence tending to connect him with the commission of the offense."

1. CRIMINAL law: seduction: corroboration of witness.

Counsel for appellant claim that there was no sufficient corroboration to justify the verdict. A careful examination of the evidence satisfies us that this objection is not well taken. It is abundantly shown, aside from the testimony of the complaining witnesses, that at the time of the alleged seduction the parties had entered into a marriage engagement. That such a relation existed is conceded. It further appears that she was delivered of a child at the usual time after the alleged intercourse, and that about the time the child was begotten

The State v. Wells.

the defendant was a constant visitor at her father's house, where she resided, and was frequently and at stated times alone with her far into the night. In addition to this, it does not appear that at that time she had any other male company. Taking into consideration all these circumstances, we are not prepared to say that the jury were not warranted in finding that corroboration was sufficient. The court, in its fifth instruction to the jury, called attention to these circumstances as proper corroboration, and in this we think there was no error.

III. The statute provides that in order to constitute the crime the woman must have been of previously chaste character.

It is claimed the defendant should have been acquitted because it was shown in evidence that the prosecutrix, at and before the alleged seduction, was not of chaste character. Considering the presumption of chastity which obtains in cases of this character, in connection with the testimony of a large number of witnesses showing her reputation for chastity to have been good, we think the jury were warranted in finding that her character was pure, notwithstanding the evidence as to seeming unchaste and improper acts. And here we may say that the court did not err in excluding all evidence as to her improper acts and conduct after the time when the alleged seduction occurred. The statute is explicit. It is the *previous* chaste character only which is in issue.

IV. The defendant asked the court to instruct the jury as follows:

"1. That in all criminal cases the defendant is entitled to the benefit of any and all reasonable doubts, and that such doubts extend to each and all of the material ingredients necessary to be shown by the State in order to constitute the offense charged, and that in all criminal prosecutions for seduction the chaste character of the woman alleged to have been seduced is a material ingredient,

and is directly in issue; and, therefore, if you, as jurors, have a fair and reasonable doubt of the chaste character of Carrie M. Fisher prior to the time of the alleged seduction by the defendant, then the defendant is entitled to the benefit of such doubt, and you should acquit him."

This instruction was refused. The court on its own motion instructed that if, upon the whole evidence, there was a reasonable doubt of the guilt of the defendant he should be acquitted. Another instruction was given in these words:

"Every woman is by the law presumed to be of chaste character until the contrary is proven, and in a prosecution for seduction the woman alleged to have been seduced is presumed to have been of chaste character prior to her alleged seduction, and the burden of overcoming this presumption is upon the defendant, and to do this he must by a preponderance of evidence establish that, prior to the time of her alleged seduction, she was a woman of unchaste character."

The instruction asked was directed to a reasonable doubt of the chaste character of the prosecutrix, and because it was thus limited it was properly refused. It was also correctly refused because the instruction given by the court that the chaste character of the prosecutrix was presumed, and the burden was on the defendant to overcome the presumption, was not erroneous. *Andre v. The State*, 5 Iowa, 389; *State v. Shean*, 32 Id., 88.

We have frequently held that where insanity is sought to be established as an excuse for a criminal act, the presumption of sanity must be overcome by a preponderance of evidence. See *State v. Bruce*, 530, *ante;* and as applied to the defense of *alibi* see *State v. Henry*, 403, *ante;* and *State v. Northrup*, 583, *ante.* Upon the same principle it was necessary for the defendant not merely to produce such evidence as would raise a reasonable doubt of chaste character, but such as would overcome the presumption of law by a fair preponderance.

IV.   One of the grounds of the motion for a new trial was newly discovered evidence.   Two affidavits were filed in support of the motion, one setting forth that one Ray stated to affiant that he had arranged with the prosecutrix to spend an evening with her at her home, and the other that said Ray told affiant that he had criminal intercourse with her before the alleged seduction.

No one testifies that he believes what Ray stated was the truth, nor that Ray would so testify if a new trial should be granted.   Such a showing as is here made would not be sufficient for the continuance of a cause, and much less for a new trial.

V.   A number of other exceptions were taken to the instructions given by the court to the jury, and to the refusal to give instructions asked.   A careful examination of these exceptions, as well as of the whole record, leaves us satisfied that no prejudicial error occurred upon the trial in the court below.

Having passed upon what seems to us to be the material questions in the case, we conclude that the judgment must be

AFFIRMED.