THE STATE OF IOWA, Appellee, v. EZRA GUNAGY, Appellant.

| 84 | 177 |
| 109 | 680 |
| 84 | 177 |
| 115 | 172 |
| 84 | 177 |
| 137 | 432 |

1. **Seduction:** CHASTITY OF PROSECUTRIX: EVIDENCE. In a criminal prosecution for seduction it appeared that, beginning about eighteen months before the finding of the indictment, the defendant and the prosecutrix had repeatedly indulged in sexual intercourse, but the prosecutrix testified that afterwards this intimacy was broken off, and so continued until about a year prior to the indictment, when it was renewed, and continued for about three months. With the exception of the testimony of two witnesses, there was nothing to show that the prosecutrix was ever guilty of any unchaste conduct with other persons than the defendant, and their testimony was unreasonable and contradictory, and at variance with the way in which persons of the age and experience of the prosecutrix usually act. *Held*, that the evidence was sufficient to warrant the submission to the jury of the question of the reformation and chastity of the prosecutrix at the time of the resumption of her intimacy with the defendant, about a year preceding the indictment.

2. ———: TESTIMONY OF PROSECUTRIX: CORROBORATION. The prosecutrix testified that her former relations with the defendant were resumed upon his promise to marry her. *Held*, that the testimony of several other witnesses that thereafter the defendant visited the prosecutrix as a suitor was sufficiently corroborative.

3. ———: CHASTITY OF PROSECUTRIX: INSTRUCTIONS TO JURY. The court instructed the jury that, before they could find the defendant guilty, they must find that the prosecutrix was at the time of the alleged seduction an unmarried woman "of *previous* chaste character." *Held*, that the instruction was not capable of the construction that the jury might convict, if at *any* time previous the prosecutrix had been chaste, especially as in another instruction they were told that the word "previous," as used in the court's charge, and in the statute, meant before and up to the time of the seduction.

4. ———: PROMISE OF MARRIAGE: INSTRUCTIONS TO JURY. An instruction that the prosecutrix "must have yielded her person to her seducer as the result of some promise or artifice before that time made or

employed," *held* to be without prejudice, where the above language was followed by the statement that, if prosecutrix surrendered without any promise or artifice, the defendant was not guilty; and in another instruction the jury were told that the seduction must have been by virtue of some promise to marry the prosecutrix, and through the influence and control he had unduly acquired over her.

5. ————: NEW TRIAL: NEWLY-DISCOVERED EVIDENCE. In support of a motion for new trial, the defendant filed three affidavits tending to show that one M. had sexual intercourse with the prosecutrix subsequent to the time of the seduction charged in the indictment, and was the father of her child. *Held*, that, admitting the fact to be as claimed, the evidence did not tend to negative the defendant's guilt, nor prove that the prosecutrix was unchaste at the time of the alleged seduction.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FRIDAY, DECEMBER 18, 1891.

THIS indictment was found September 6, 1890, and charges the defendant with having, on or about the fifteenth of September, 1889, seduced, debauched and carnally known one Louisa Mealhouse, then an unmarried female of previous chaste character. A verdict of guilty was returned against the defendant, and, his motion for a new trial being overruled, judgment was entered upon the verdict, from which he appeals. *Affirmed.*

*J. D. Nichols* and *Gilchrist & Whipple*, for appellant.

*John Y. Stone*, Attorney General, *Cato Sells*, County Attorney, and *G. W. Burnham*, for the State.

GIVEN, J.—I. It appears without contradiction that the defendant, a young man aged nineteen or twenty, and the prosecutrix, two years his junior, became intimate two years or more prior to the finding of this indictment, and for more than eighteen months immediately prior thereto had repeatedly indulged in sexual intercourse. The

1. SEDUCTION: chastity of prosecutrix: evidence.

prosecutrix testifies that this intimacy was broken off
in March, 1889, and continued so until the last of Sep-
tember, 1889, when it was resumed, and continued until
December 20, 1889.   The defendant testifies that their
intimacy continued up to August 18, 1889, when it
entirely ceased, and was never afterwards resumed.
The appellant contends that, as the first act of sexual
intercourse was more than eighteen months prior to the
finding of the indictment, the action is barred.   The
claim of the prosecution is that the relation between
the parties was entirely broken off in March, 1889;
that the prosecutrix reformed, and became again of
chaste character, and that in September, 1889, the
defendant, by renewed promises of marriage and
other seductive arts and promises, again seduced and
debauched the prosecutrix.   The burden is upon the
state to show such reformation, and the contention of
the appellant is that the evidence fails to show that the
prosecutrix did reform and become of chaste character
prior to the alleged seduction, in September, 1889.

There is evidence tending to show, and from which
the jury might properly find, that the relations of these
parties were entirely broken off in March, 1889, and
that in September following the defendant renewed his
visits to the prosecutrix, and their former intimacy was
resumed.   Except the testimony of two witnesses, there
is nothing to show that Louisa Mealhouse was ever
guilty of any unchaste conduct with other persons than
the defendant.   The statements of these two witnesses
are so unreasonable and at variance with the way in
which persons of the age and experience of Louisa
Mealhouse act, and so contradicted, that the jury might
very properly disregard them as unworthy of belief.
The jury might well find that, as to all others than the
defendant, the prosecutrix bore herself as a chaste girl,
and that, removed from his influence, she became again
of chaste character, and continued so until induced by
the defendant's arts and promises to again surrender

her chastity. The testimony admitting of such a conclusion, there was certainly evidence tending to show reformation and chaste character on and prior to September, 1889; and therefore the question of chaste character at the time of the alleged seduction, in September, 1889, was properly submitted to the jury. *State v. Carron*, 18 Iowa, 372; *State v. Hemm*, 82 Iowa, 609. It is true, as urged, that the testimony of Louisa Mealhouse is not entirely full and plain upon these subjects; but we think the brevity of her answers is accounted for by her age, lack of experience, and imperfect use of the English language. Her testimony is sufficiently explicit to convey a clear understanding of her meaning. It is unnecessary that we follow the discussion of this evidence, or that we state it further than to show that there was evidence such as required that the question of chaste character should be submitted to the jury, and from which they might properly find that the relations between these parties were broken off in March and resumed in August or September, 1889, and that during that period the prosecutrix had reformed and become again of chaste character.

II. The appellant further contends that there is no evidence of seduction in September, 1889; that the

2. ——: testimony of prosecutrix: corroboration.

only condition demanded by the prosecutrix to their resuming their illicit relations was that the defendant should not go with other girls. She does testify that the cause of their disagreement in March was going with other girls, but she also testifies that they resumed their former relations, not only upon his promise not to go with other girls, but upon his again promising to love her, treat her good, and to marry her. It is urged that the prosecutrix stands uncorroborated as to these statements. Several other witnesses give testimony tending to show that the defendant visited the prosecutrix as a suitor; that his visits ceased in March, and were

resumed about September, 1889, and continued for several months thereafter, he making and she receiving his visits, the same as persons contemplating marriage usually do. Such testimony is surely corroborative of that given by the plaintiff. *State v. Curran*, 51 Iowa, 112. There was no error in overruling the defendant's motion for verdict, or his motion for new trial, upon the ground of the insufficiency of the evidence.

III. The appellant complains of the fourth instruction, wherein, in directing the jury what they must find to convict, they are told that they must find that Louisa Mealhouse "was at said time [the time of the seduction] an unmarried woman of previous chaste character." The complaint is that by the use of the word "previous" the jury were left to find chaste character, if at any time previous the prosecutrix had been chaste. The language would not be so understood, especially when read in connection with the sixth paragraph, wherein the jury are instructed in regard to the alleged reformation. "Previous," as here used and in the statute, means before and up to the time of the seduction.

3. ——: chastity of prosecutrix: instructions to jury.

IV. Complaint is made of the fifth instruction, wherein the jury were told that the prosecutrix "must have yielded her person to her seducer as the result of some promise or artifice before that time made or employed." It is urged that under this instruction the jury could not convict if the defendant made no promise. What we have quoted is followed by the statement that, if the prosecutrix surrendered without any promise or artifice, the defendant is not guilty; and in the sixth instruction the jury were told that the seduction must have been "by virtue of a promise to marry her, and through the influence and control he had unduly acquired over her."

4. ——: promise of marriage: instructions to jury.

In the seventh paragraph, upon the subject of corroboration, the court said: "And testimony which tends to connect the defendant with the act of illicit

intercourse, if any, is not sufficient corroboration, nor is mere proof of opportunity to have sexual intercourse sufficient corroboration.'' The appellant complains, as we understand it, that the instruction was misleading, inasmuch as the fact of opportunity and sexual intercourse was admitted. We fail to discover wherein the instruction is erroneous, or could have been in the least prejudicial to the defendant.

V. One ground of the appellant's motion for a new trial was newly-discovered evidence, in support of which he filed his own affidavit and those of William Hamilton and J. D. Nichols. The substance of the appellant's affidavit is that the prosecutrix testified that one George McCannon, who formerly lived in the neighborhood, was at her father's house on December 9, 1889, to bid her good-bye. The appellant states that McCannon left the neighborhood, and, as he was informed, the state; that he was unable to ascertain the whereabouts of McCannon, and did not learn his residence until after the trial; that he is acquainted with the handwriting of McCannon; that on December 12, 1890, he received a letter from McCannon, in which he stated that he was at Wall Lake, Iowa; '' that he had heard I was accused of being the father of Louisa Mealhouse's child; that he knew I was not; that he was; that the reason he knew it was that on the morning of the ninth day of December, 1889, he had sexual intercourse with Louisa Mealhouse at her father's house; that he came back in 1890, and that she told him she was in the family way, and that he got her in the family way.'' The appellant makes further statements showing diligence in presenting this ground for new trial. Hamilton states that McCannon told him that he had sexual intercourse with Louisa in the spring of 1890. The affidavit of Mr. Nichols shows that he was attorney for the defendant; that his engagements delayed him somewhat in preparing this matter; that he mailed an affidavit to McCannon

*5. ——: new trial: newly discovered evidence.*

at Wall Lake with a return-card on the envelope, but never heard from the same. The state filed the affidavit of Justus Mealhouse, father of Louisa, wherein he states that McCannon told him in July, 1890, that defendant had recently stated to him that he had got Louisa Mealhouse with child. Mr. Mealhouse also states that he was at home on the ninth of December, 1889, and saw McCannon there that day; that McCannon was in his presence all of the time during his stay; that he did not remain to exceed ten or fifteen minutes; was not there but once that day, and did not see Louisa alone; and that nothing improper took place between them.

The basis of the defendant's showing of newly-discovered evidence is the letter from McCannon. It is certainly unusual that a man would write such confessions of guilt, so unusual that it requires stronger evidence to establish it than to show that he had done something less unusual. A noticeable fact is that this letter is not produced, or any reason given why it is not. It does not appear that the defendant even showed it to his counsel, who prepared the affidavit for McCannon to verify. Concede, however, that such a letter was received, and that McCannon will testify as stated, wherein does it affect the question of the defendant's guilt? To convict under this charge and evidence, the jury must find that the previous carnal relation between these parties was broken off for a time; that she reformed and became of chaste character; and that about September, 1889, the defendant, by promises of marriage, induced her to part with her virtue, and submit to sexual intercourse. That she afterwards had sexual intercourse with McCannon, which resulted in pregnancy, would not necessarily negative the defendant's guilt, though it would show that the evil consequences that so often follow the seduction and debauchment of the chaste and virtuous followed in this instance. Such evidence would not tend to prove

her unchaste at or previous to the alleged seduction. Evidence as to chaste character must be strictly confined to the time prior to the alleged seduction. *State v. Deitrick*, 51 Iowa, 467. There was no error in overruling the motion for new trial on the ground of newly discovered evidence, for the reason that the showing was not satisfactory as to the existence of such evidence, or diligence to procure it, and does not show that the appellant did not receive a fair and impartial trial. Code, sec. 4489.

This disposition of the questions made in the case leads us to the conclusion that the judgment of the district court should be AFFIRMED.

BECK, C. J., took no part in the decision of this case.