STATE OF IOWA v. PETER MCGINN, Appellant.

**Evidence:** CONTENTS OF LETTER: *Proof of signature.* In a prosecution for seduction, it is error to permit a witness to testify as to the contents of a material letter he saw in the room of the prosecutrix, when the only evidence connecting defendant therewith is that defendant's name was subscribed thereto.

CORROBORATION. An instruction in a prosecution for seduction which authorizes the jury to find corroborative facts, necessary to conviction, from the testimony of the prosecutrix, and characterizes the fact of her giving birth to an illegitimate child as a corroborative circumstance, is objectionable, as the corroboration must be by other evidence than that by the prosecutrix and the birth does not connect the defendant with the crime.

**Continuances:** NECESSITY FOR ATTACHING ABSENT WITNESS. In a criminal case, where defendant fails to ask for the attachment of a material witness who has disobeyed a subpœna, there is no error in denying a continuance on account of the absence of such witness.

*Appeal from Monroe District Court.*—HON. F. W. EICHELBERGER, Judge.

TUESDAY, DECEMBER 12, 1899.

INDICTMENT for seduction. Trial to jury. Verdict and judgment of guilty. Defendant appeals.—*Reversed.*

*N. E. Kendall* for appellant.

*Milton Remley,* Attorney General, and *C. A. Van Vleck,* Assistant Attorney General, for the state.

Waterman, J.—Defendant, on the day set for the trial made application for a continuance over the term, on the ground that a material witness subpœnaed by him had refused to respond. We may concede the diligence of defendant in attempting to secure the presence of this witness, and also the materiality of the evidence sought to be obtained, but we do not think it is made to appear that the witness' presence could be secured by ordinary methods at the ensuing term. He had disobeyed a subpœna once, and there was no reason to think that he would come at any time without compulsion. Defendant should have applied for an attachment. Had he done so, the court would have doubtless granted it, and given him an opportunity to procure the witness' presence by force. If not, he would have had just ground of complaint. There was no error in overruling the motion as made.

II. One Hoagland, a witness for the state, testified to seeing in the room of prosecutrix a letter to her which purported to be signed by defendant. He was allowed to state the contents, which were of a material nature. This evidence was erroneously received. While a sufficient foundation had been laid for the receipt of secondary evidence, yet there was no showing that the letter was written by defendant, other than that his name was subscribed to it. No attempt was made to otherwise identify it as his. See Greenleaf Evidence, section 557.

III. The seventh paragraph of the court's charge is not accurately worded. It is open to the objection that it authorizes the jury to find the corroborative facts necessary to make out this offense in the testimony of the prosecutrix, to some extent, and characterizes the fact of her giving birth to an illegitimate child as a corroborative circumstance. In both of these respects the instruction is objectionable. The corroboration must be by evidence other than that of prosecutrix. *State v. Kingsley,* 39 Iowa, 439; *State v. Lenihan,* 88 Iowa, 670. While the fact of the

birth of an illegitimate child was admissible to show that some man had illicit intercourse with prosecutrix, it did not tend to connect defendant with the act.

Of the remaining errors, some are without merit, and the others are not likely to again arise. As a matter of precaution, however, we may suggest that more latitude should have been allowed in the cross-examination of the witnesses O'Brien and Fitzgerald. A new trial will be ordered, and the judgment REVERSED.

GRANGER, J., not sitting.