THE STATE OF IOWA v. EARL COFFMAN, Appellant.

**Seduction:** FALSE AND DECEPTIVE PROMISES ESSENTIAL. In a prosecution for seduction it is vital for the state to prove the circumstances under which prosecutrix yielded, and that the promises relied on were false and deceptive. Hence, it was prejudicial error to charge that even though the defendant had

sexual intercourse with the prosecutrix, and she was. at the time of previous chaste character, yet, unless she yielded her person by reason of some art, promise, or deception practiced on her, there can be no conviction, but the character of such arts and deception are not so important as the effect they may have had on her mind, nor is the manner in which her ruin. was accomplished important and that if the arts, promises, and deceptions practiced on her, under all circumstances, considering her age, habits of life, and experience, were such as to induce her to surrender herself to the defendant,. then the evidence on this point was sufficient.

CORROBORATION: *Birth of child.* In a prosecution for seduction, an instruction that evidence that the prosecutrix gave birth to a child was corroborative of her testimony was erroneous, since it in no way connected the defendant with the commission of the crime.

*Appeal from Keokuk District Court.*—HON. JOHN T. SCOTT, Judge.

THURSDAY, OCTOBER 4, 1900.

THE defendant was convicted of the crime of seduction, and appeals.—*Reversed.*

*C. H. Mackey* and *D. W. Hamilton* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

SHERWIN, J.—The seventh paragraph of the court's charge to the jury is as follows: "(7) Even though the defendant had sexual intercourse with the prosecutrix, as by her claimed, and she was at the time of previously chaste character, yet, unless she yielded her person to the defendant by reason of some art, promise, or deception practiced upon her by him, there can be no conviction; but the kind and character of these, however, are not so important as the effect they may and did have upon her mind, if any; nor is it important as to the manner in which her ruin was accomplished. If the arts, promises, or deceptions testified to by the prosecuting witness were, in fact,

practiced upon her and these, under all the circumstances, considering her age, habits of life, experience in the ways of the world, and all the surroundings, were such as were reasonably calculated to deceive her, and, in fact, did deceive her, and she, believing them, was induced to, and did, surrender herself to the defendant, and sexual intercourse resulted therefrom and by reason thereof, then the evidence is sufficient upon this point." It is claimed by the defendant that the necessary element of "deception" is omitted from this instruction. Taken as a whole, the legal mind would probably understand from it that the promises therein referred to must have been false, and consequently deceptive, and that the court only intended to instruct the jury that the exact nature of the arts, promises, and deceptions were not as important as the fact that the seduction was accomplished by the use of artifice, false promise, and deception. To the average juror, however, the instruction may not have conveyed or left the same impression. It directed the jurors that the "kind and character" of the arts, promises, and deception were of secondary importance, and that the manner in which the ruin of the prosecutrix was accomplished was of no importance. Neither of these propositions announce the correct rule of law. It was of vital importance to prove the circumstances under which she yielded her person to the defendant. It was the vital question for the jury to determine from the evidence before it. It was of equal importance that the promises relied upon be shown to be false, and hence deceptive. *State v. Hamann,* 109 Iowa, 646. True it is that the concluding part of the instruction stated to the jury the correct consequences which would follow deception, arts, and promises, but the jury may have given weight to the positive language heretofore referred to, and may have been misled thereby, to the prejudice of the defendant. For this reason the instruction was erroneous.

In an instruction covering the corroboration required by the law, the court told the jury that evidence that a child

was born to the prosecutrix was properly corroborative. This was error.   The corroboration required by the statute is such as tends to connect the defendant with the commission of the crime.   The fact that a crime has been committed may be fully established by the testimony alone of the prosecuting witness.   *State v. Smith*, 84 Iowa, 522; *State v. McClintic*, 73 Iowa, 663.   The fact that an illegitimate child has been born might tend to prove seduction, but it does not of itself tend in any way to connect a particular person with that crime.   *State v. McGinn*, 109 Iowa, 641.   For the errors pointed out, the case is reversed, without considering the sufficiency of the evidence.—REVERSED.

GRANGER, C. J., not sitting.