STATE OF IOWA v. THOMAS MULHOLLAND, Appellant.

Seduction: CORROBORATION: *Jury question.* Evidence of others that defendant alone waited on prosecutrix for a long time prior to the date of her alleged seduction; that he took her driving, walking, and to various places of amusement, and was frequently alone with her at night; that he behaved toward her as a lover might,—kissing her frequently, and holding her at times in his lap,—was corroborative of her testimony, authorizing a submission of the prosecution to the jury.

EVIDENCE OF ARTIFICE, DECEPTION AND FALSE PROMISES. In a prosecution for seduction, prosecutrix testified that, prior to the time the crime was committed, defendant had paid her attentions, and on the occasion, while alone with her, after obtaining her consent to marry him, he asked to have intercourse with her,

which she at first refused, but to which she reluctantly yielded on his saying that they were engaged, and "it was all right." *Held*, that such evidence sufficiently tended to establish artifice, deception, and false promise necessary to complete the crime.

REQUESTS TO CHARGE PROPERLY REFUSED. Where the charge of a court in a criminal prosecution was full, fair, and accurate, there was no error in the court's refusal of defendant's requested instructions.

Review on Appeal: NOTICE AS TO WITNESSES NOT INDORSED ON INDICTMENT: *Presumptions.* Where the record on appeal contained nothing to show that the names of two witnesses called by the state were not indorsed on the indictment, and that no notice was give of the state's intention to call them, it cannot be presumed that such were the facts on review of a ruling disallowing defendant's objection to the examination of such witnesses on such grounds

*Appeal from Clinton District Court.*—HON. P. B WOLFE, Judge.

FRIDAY, DECEMBER 20, 1901.

DEFENDANT was convicted of the crime of seduction, and appeals from a judgment imposing a term of imprisonment in the penitentiary.—*Affirmed.*

*Hayes & Schuyler* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Chas. A. Van Vleck,* Assistant Attorney-General for the State.

WATERMAN, J.—Certain general objections to testimony received are first discussed. As they involve no new principles, we are content to dispose of them by saying that a careful examination convinces us they are without merit.

II. It is thought the evidence is insufficient to establish the crime charged, in that the prosecuting witness is not corroborated, and it does not show that defendant accomplished his purpose by "artifice, false promise, deception or flattery." That some man had illicit intercourse with Frances Shockley, the prosecutrix, is made certain by the fact that she gave birth

to a child in the month of October, 1900. She testified that defendant is the father of this child, which was begotten through intercourse had in January of that year. The witness' statement is supported by the testimony of other persons to the effect that defendant waited upon her for a long period prior to the time last mentioned, taking her driving, walking, and to various places of amusement, and being frequently alone with her at night; that he behaved toward her as a lover might,—kissing her frequently, and holding her at times in his lap. It also appears that during this time she had no other male company. This evidence is all corroborative in its nature, and of its weight the jury were the judges. *Andre v. State,* 5 Iowa, 389; *State v. Shean,* 32 Iowa, 88; *State v. Curran,* 51 Iowa, 112; *State v. McClintic,* 73 Iowa, 663; *State v. Wells,* 48 Iowa, 671; *State v. Gunagy,* 84 Iowa, 177. As to the means by which defendant accomplished his purpose, the prosecuting witness says that previous to that time he had professed love for her, when he kissed and embraced her; that on an afternoon in January, when she was at home alone, the defendant called. After some innocent liberties and conversation, he asked her to marry him, and she consented. He said they would be married in April. After talking a few minutes on that subject, he asked to have intercourse with her. She refused. He said that as they were engaged, "it was all right." Upon this she reluctantly yielded. Surely this evidence tends to establish artifice, deception, and a false promise. *State v. Hayes,* 105 Iowa, 82; *State v. Knutson,* 91 Iowa, 549.

III. The charge of the court seems to us full, fair, and accurate. There was therefore no error in refusing certain instructions asked by defendant. It may well be added here that one of these instructions has no support whatever in the evidence.

IV. After defendant's evidence was in, the state called

two witnesses. Franzlow and Galbraith, who gave evidence as to some material matters over defendant's objection. It is now claimed that the names of these witnesses were not indorsed upon the indictment, and no notice given of the intention to call either of them, and that the testimony they gave was not in rebuttal, but was a part of the state's main case. In the objection made by defendant's counsel to this evidence, it is stated that the names of these witnesses were not indorsed on the indictment, and that notice had not been given as provided in the statute in order to warrant the state in calling them; but, outside this statement of counsel, we find nothing in the record in relation to the matter. The situation hardly justifies us in assuming the facts to be as counsel assert. While the attorney general says the claim of defendant's counsel in this respect is "probably" true, he qualifies this by giving as a reason for so saying that "we find nothing showing otherwise." But we cannot, on appeal, assume as established all facts not contradicted by the record. Every presumption is in favor of the correctness of the trial court's ruling. If a fact is claimed to exist which renders such ruling erroneous, it must be otherwise shown than by mere assertion of counsel in argument.

These being the only questions presented, it follows from what we have said that the judgment must be AFFIRMED.