STATE OF IOWA, Appellee, v. EDWARD DOLAN, Appellant.

Seduction: EVIDENCE OF PREVIOUS CHASTITY: INSTRUCTION. On a
1  prosecution for seduction evidence that prosecutrix was inti-
   mate with other men than defendant is admissible on the
   question of previous chaste character, and an instruction which
   does not authorize its consideration by the jury for this pur-
   pose is erroneous.

Corroboration: INSTRUCTION. On a prosecution for seduction the
2  jury should not be permitted to consider the mere fact of the
   birth of a child, in connection with such other facts and cir-
   cumstances as it may deem corroborative, and thus for itself
   determine the question of necessary corroboration of prosecu-
   trix; but the other essential facts and circumstances should be
   explained by the court.

Impeachment: INSTRUCTION. Where the evidence of defendant in a
3  prosecution for seduction is of a substantive character as well
   as contradictory of the testimony of prosecutrix, an instruction
   limiting its consideration to the question of impeachment is
   erroneous.

*Appeal from Jackson District Court.*— HON. A. P. BARKER,
Judge.

TUESDAY, NOVEMBER 13, 1906.

DEFENDANT was indicted, tried and convicted of the
crime of seduction, and from the judgment imposed, he
appeals. *Reversed.*

*Murray & Farr* and *M. J. Wade,* for appellant.

*Chas. W. Mullan, Attorney General,* and *Lawrence De
Graff, Assistant Attorney General,* for the State.

DEEMER, J.— The trial court gave the following in-
struction: "(7) Evidence has been introduced in this case
tending to show various degrees of intimacy of the prosecut-

ing witness with other men than the defendant, especially

**1. SEDUCTION: evidence of previous chastity: instruction.** with William Patterson and Henry Rodewal, prior to and about the time she claims to have been seduced by defendant, also tending to prove that she admitted being too free with said Patterson, all of which she now denies. The purpose of such testimony is: (1) To show that another than the defendant is or may be the father of her child, if she was with child, and so discredit her claim that the defendant seduced her. (2) To show the improbability of her claim that she and the defendant were in fact engaged to be married. You should give such evidence the consideration you deem it to merit for that purpose, bearing in mind, however, that the ultimate question for your determination is, not who was in reality the father of such child, but, rather, did defendant debauch and seduce her as hereinbefore explained, and, if so, was she, previous to the time of such seduction, of chaste character? Even should you be satisfied that another than defendant was the father of such child, you might convict defendant of seducing her, if you believed from the evidence, beyond a reasonable doubt, that he first had intercourse with her by means of seductive arts of false promises as hereinafter explained; she being previously thereto of chaste character." This instruction was erroneous for the reason that such intimacy as is referred to should also be considered as bearing upon the previous chastity of the prosecuting witness.

In another instruction the court said: " Mere proof of opportunity, that she for a time was a member of his father's family and associated with him as such, or even

**2. CORROBORATION: instruction.** of the birth of a child, are not alone sufficient corroboration, though they may be considered by you, in connection with other facts and cricumstances established in the case, for that purpose." The rule in this state is that, while the birth of a child is evidence of seduction, it does not tend in any way to connect defendant

with the act. *State v. McGinn,* 109 Iowa, 641; *State v. Kissock,* 111 Iowa, 690; *State v. Coffman,* 112 Iowa, 8. Even if the testimony as to birth of a child may be considered, with other facts and circumstances, as corroboration, these other facts and circumstances are nowhere explained in the court's charge. Under the instruction as given, the jury was authorized to take the fact of the birth of a child into consideration, with such other facts and circumstances as they might deem corroborative, and thus conclude there was the necessary corroboration. This was manifestly erroneous.

In its tenth instruction the court said: " (10) Evidence has been given you tending to show statements made by the prosecuting witness at other times and places conflicting with her testimony in this case; *also tending to contradict other material testimony given by her.* Such evidence is called impeaching evidence, and is for the purpose of casting doubts upon the truth of her testimony. You, in this, as in all other matters of evidence, are the sole judges. If you believe the impeaching evidence, and that it is irreconcilable with her own testimony in this case, then you are at liberty to disregard all of her testimony, if you see fit. You are not, however, obliged to do so, for you may consider it, and allow it such weight as you deem it justly entitled to. If any of her testimony is corroborated or supported by other evidence, either direct or circumstantial, then you cannot disregard it entirely, but must consider it, with the other evidence in the case, allowing it such force and effect as you deem proper and just." The part of this instruction which we have italicized was clearly erroneous. Testimony in contradiction of the prosecutrix was not only impeaching, but substantive in character, and should have been considered with reference to the entire case, and not simply for impeaching purposes. All defendant's testimony was in contradiction of the material testimony given by prosecutrix, and, if it were

*3. Impeachment: instruction.*

to be considered simply as impeaching her, the defendant was placed in a very awkward position. His testimony was not substantive, but simply for impeachment, under this instruction.

The instruction as to flight was in accord with the rule announced in *State v. Poe*, 123 Iowa, 118.

No other prejudicial error is shown; but, for the reasons pointed out, the judgment must be, and it is, *reversed.*