STATE OF IOWA, Appellee, v. ALLEN COTTER, Appellant.

**Criminal law:** SEDUCTION: CORROBORATING EVIDENCE. On a prosecution for seduction the jury should be instructed that neither acquaintance of the parties, opportunity to commit the crime, nor the birth of an illegitimate child will, alone, constitute such corroboration of the prosecutrix as will justify conviction; and this is especially true respecting the birth of a child.

**Same:** INSTRUCTION. An instruction respecting corroboration of a prosecutrix for seduction which is so broad as to permit the jury to consider the birth of a child as a corroborating circumstance, and which enumerates a number of circumstances, some of which are not corroborative, but permits such a finding upon proof of any of the enumerated circumstances, is erroneous.

**Same:** DECEPTION: INSTRUCTION. An instruction permitting a finding that seduction was accomplished by means of caresses, independent of defendant's intent to deceive thereby, is erroneous.

*Appeal from Monroe District Court.*—HON. D. M. ANDERSON, Judge.

TUESDAY, OCTOBER 17, 1911.

INDICTMENT for seduction. There was a verdict of guilty, and judgment thereon. The defendant has appealed. *Reversed.*

*Mabry & Hickenlooper,* for appellant.

*H. W. Byers,* Attorney-General, and *D. W. Bates,* for the State.

EVANS, J.—The indictment charges the offense to have been committed about April 16, 1909. The prosecutrix and the defendant were at that time nineteen and twenty-one years of age, respectively, and had been acquainted with each other for some months prior to such date. The prosecutrix gave birth to a child on January 16, 1910. The prosecutrix testified that she sustained the illicit relations with the defendant but once, and that the birth of the child resulted therefrom. She also testified that the illicit relation occurred in two or three weeks after the return of defendant from Illinois to Hiteman, where the offense was committed. The defendant was absent from Hiteman, and in the state of Illinois, from October 28, 1908, to April 27, 1909. Evidence was introduced by the state of the past acquaintance of the parties, including some correspondence between them during the absence of the defendant. The defendant introduced evidence tending to show that the prosecutrix received the attentions of several suitors during the same period of time.

I. The principal complaint presented for our consideration upon this appeal relates to certain instructions given by the trial judge, and his failure to give certain others asked by the defendant. The defendant asked the following instruction: "Mere proof of acquaintanceship

between the defendant and the prosecuting witness, or opportunity to commit the crime, or the fact that the prosecuting witness gave birth to an illegitimate child, does not constitute such corroboration of the testimony of the prosecuting witness as is required in cases of this kind in order to justify you in finding the defendant guilty, and unless her testimony is corroborated by other facts and circumstances than these, tending to connect the defendant with the commission of the crime, you should acquit him." This was refused, and no equivalent instruction was given by the court on its own motion. That the instruction thus asked is substantially correct as a legal proposition, and should have been given in some appropriate form, is settled by our previous holdings. *State v. Blackburn,* 136 Iowa, 743; *State v. Coffman,* 112 Iowa, 8.

*1. CRIMINAL LAW: seduction: corroborating evidence.*

The instruction was particularly appropriate as respects the birth of the child. Such fact can not be deemed as a circumstance tending to connect the defendant with the crime charged. If otherwise, it would be equally as effective against an innocent defendant as against a guilty one, and would be as effective against whatever person might be charged with the offense. The fact of the birth of the child was a prominent fact in the case, and the defendant was entitled to have the limits of its probative value stated to the jury in an appropriate instruction. The failure of the trial judge in this respect was somewhat emphasized by language which crept into the seventh instruction, of which also complaint is made, and which we proceed to consider.

II. The court gave the following instruction:

(7) In determining the question whether the prosecuting witness, Harriett Watts, has been corroborated in her testimony in the respect pointed out in the preceding instruction, you may and should consider the occasions, if any, when defendant met prosecutrix at the Baptist

Church and walked home with her; the occasion when he took her riding, if he did; his conduct to or toward her; whether he conducted himself as her suitor or lover; that he kept company with her, if such is the fact; the letters and postals, if any, that he wrote her, and the contents thereof; in what manner he addressed her in such letters and postals, if any were written to her by him; his intimacy or otherwise, and his relations with her. You will consider the above facts and circumstances and *all other facts and circumstances* detailed by the evidence and bearing thereon, and say therefrom whether the prosecutrix has been corroborated, as explained in the preceding instruction. If you find such facts and circumstances, or *some of them,* to be established by the evidence of Harriett Watts in connection with other witnesses, or by other witnesses aside from her, you would be warranted in finding the corroborating evidence required by law tending to convict the defendant of the crime. But if you do not find that some witness has testified to facts and circumstances tending to connect the defendant with the commission of the crime charged, other or in addition to the testimony of Harriett Watts, you can not convict the defendant.

It will be noted that this instruction is broad enough in its affirmative terms to require the jury to consider the birth of the child as a corroborative circumstance tending

2. SAME: instruction.

to connect the defendant with the offense. This instruction is also inaccurate in its use of the words above italicized, "or some of them." The effect of this qualification was to permit the jury to find such corroboration, provided any of the circumstances there enumerated were proven. Clearly some of the circumstances enumerated were not sufficient for such purpose.

III. Complaint is made of instruction No. 4, given by the court, which is as follows:

If you find from the evidence in the case and beyond a reasonable doubt, that, on or about the 16th of April, 1909, or at any time within the period of eighteen months preceding the date of the finding of the indict-

ment in this case, that the defendant did, in Monroe county, Iowa, have sexual intercourse with Harriett Watts, and that at and prior to such intercourse, if such there was, she was an unmarried woman, of previous chaste character, and further so find, beyond a reasonable doubt, that she submitted to such sexual intercourse, if any there was, with defendant, by reason and because of caresses, protestations of love, or of a promise to marry her, on the part of defendant, you should find defendant guilty. But if you have a reasonable doubt as to whether defendant and Harriett Watts had sexual intercourse in this county about April 16, 1909, or within eighteen months prior to the date of the finding of the indictment herein, or a reasonable doubt as to whether she was of chaste character prior to such intercourse, if such intercourse was had, or if you have a reasonable doubt as to whether such sexual intercourse, if there was any, was induced by caresses, protestations of love, or promise of marriage, upon the part of defendant, then in such case you should acquit the defendant.

It is said that the effect of this instruction was to permit the jury to find the offense of seduction committed, provided only that the illicit relations were accomplished by means of "caresses," and that the in-

3. SAME: deception: instruction.    struction is in this respect erroneous. We think the point must be sustained. We know of no authority which would sustain the instruction in this respect. The practical effect of such a rule would be to eliminate one of the distinctive elements of the crime of seduction. *State v. Hamann,* 109 Iowa, 646.

Some other alleged errors are assigned, but they are not of such a nature as are likely to arise upon a new trial, and we will not consider them. In view of a new trial, we avoid discussion of the evidence.

For the reasons indicated, a new trial must be ordered, and the judgment entered below is therefore *reversed.*