STATE OF IOWA, Appellee, v. FAY DAVIS, Appellant.

**SEDUCTION:** Corroboration—Evidence. Testimony aside from that
1 given by prosecutrix, tending to prove (1) that the association of prosecutrix and defendant was that of lovers, and (2) that defendant had substantially admitted having had illicit relations with prosecutrix, furnishes the required statutory corroboration.

**SEDUCTION:** Evidence—Relations Subsequent to Seduction. Evidence
2 of the illicit relations existing between prosecutrix and male persons other than defendant, *subsequent to the alleged seduction,* is admissible, as tending to disprove testimony by prosecutrix to the effect: (1) That she loved defendant; (2) that she relied on defendant's promise of marriage; (3) that she in good faith believed that defendant loved and intended to marry her; and (4) that defendant was the only person with whom she had ever had sexual relations.

**SEDUCTION:** Corroboration—Birth of Child. Principle reaffirmed that
3 the birth of a child may furnish corroboration of prosecutrix's testimony as to criminal intimacy with defendant.

**SEDUCTION:** Presumption and Burden in re Chastity. Chastity is
4 always presumed, and defendant must overthrow the presumption by a preponderance of the evidence, or the presumption will prevail.

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

APRIL 4, 1922.

DEFENDANT appeals from a conviction of the crime of seduction. The facts are fully stated in the opinion.—*Reversed.*

*Nichols & Nichols* and *R. S. Milner*, for appellant.

*Ben J. Gibson*, Attorney General, and *B. J. Flick*, Assistant Attorney General, for appellee.

STEVENS, C. J.—I. The indictment charged the defendant with having seduced one Zella Hoke, on June 20, 1918. The prosecutrix testified that the first act of illicit intercourse occurred in the latter part of June, 1918, and gave it as her best judgment that it was on the night of the 20th, but admitted that it might have been a few days later in June. She further testified that she first met the defendant in 1917; that he commenced keeping company with her in the early winter of 1917, and that the relation thus formed continued until in February, 1919; that, prior to her seduction, he professed to love her, and applied to her such endearing terms as "Dearie," "Sweetheart," and "Honey Bunch;" that he embraced and kissed her, and told her that he loved her, and, before she had sexual intercourse with him, told her that, if she got into trouble as the result thereof, he would marry her. She further testified that she loved the defendant, believed that he was acting in good faith, and intended to marry her; and that she had never at any time had sexual intercourse with any other person.

Other witnesses testified that prosecutrix and defendant kept company; that he was frequently at her home, and took her to picture shows and other forms of entertainment; that they went automobile riding together; and that he conducted himself toward her as a lover. This testimony, together with that of one Earl Swartzbaugh, a witness for the State, who testified that the defendant said in his presence, in substance, that he had got Zella Hoke in a fix, amply sustained the allegations of the indictment, and provided the corroboration required by statute. *State v. Wells*, 48 Iowa 671; *State v. Bauerkemper*, 95 Iowa 562; *State v. Higdon*, 32 Iowa 262; *State v. Cotter*, 152 Iowa 398; *State v. Smith*, 84 Iowa 522; *State v. Gunagy*, 84 Iowa 177; *State v. Thomas*, 158 Iowa 687; *State v. Smith*, 124 Iowa 334; *State v. Kissock*, 111 Iowa 690; *State v. Dolan*, 132 Iowa 196; *State v. Mulholland*, 115 Iowa 170.

1. SEDUCTION: corroboration: evidence.

Appellant assigns error in various rulings of the court on objections to testimony and in the charge to the jury, and misconduct of counsel for the State in his closing argument to the jury. Counsel for appellant was permitted to cross-examine the prosecutrix as to her relations with other men, prior to the date of the alleged seduction. She admitted that she occasionally kept company with one Polzine, during the winter of 1917 and 1918, receiving him at her home, and going with him to dances, picture shows, and other places of amusement. Appellant also offered direct evidence to the same effect. The witness Polzine was asked by counsel for appellant if he did not have illicit relations with the prosecutrix in June, 1918. The witness refused to answer, but, upon cross-examination, admitted that he had testified before the grand jury that he never had sustained such relations with the prosecutrix, and that she was a girl of good reputation and character. Appellant also sought to cross-examine prosecutrix as to her relations with Polzine and one Blocher after her alleged seduction by the defendant, but the court refused to permit any testimony to this effect to be received. Prosecutrix also testified in chief that she continued to have illicit relations with the defendant until February, 1919; that she became pregnant in the early part of August, or the fore part of September, 1918; and that she was delivered of a child in May, 1919. She was asked, upon cross-examination, if she did not have sexual intercourse with Blocher in August, 1918, and at other times, and if he did not go with her, and sustain toward her the relation of a lover.

*2. SEDUCTION: evidence: relations subsequent to seduction.*

As stated, this testimony was excluded. Counsel for appellant then offered to prove by Polzine that he enlisted in the army in July, 1918, and that he thereafter carried on a correspondence with prosecutrix; and also offered to show by Blocher that he kept company with prosecutrix after the alleged seduction, and that he had sexual intercourse with her in August, 1918, and at other times after the commission of the alleged offense.

The rule is well settled that evidence tending to show unchastity upon the part of the prosecutrix must be limited to acts and conduct prior to the date on which it is claimed she was

seduced by the defendant. Section 5488 of the Code provides that a conviction cannot be had upon the testimony of the prosecutrix alone, and that she must be corroborated by other evidence tending to connect the defendant with the commission of the offense.

As already appears, the corroboration relied upon is found, in part, in the testimony of witnesses other than prosecutrix, who testified that defendant kept company with her, and demeaned and conducted himself toward her as a lover. Direct evidence of seductive arts is difficult to obtain, and circumstantial evidence must generally be resorted to. Prosecutrix testified that she reciprocated the professed love of the defendant, and that she yielded her virtue to him because of his solicitations, protestations of affection, and promise of marriage, if she got into trouble. She further testified that she believed that appellant intended to marry her, and that she was influenced in what she did by this belief; that their relations as lovers continued for several months; and that he ceased his attentions only after he knew of her condition and her failure to be relieved thereof.

Evidence that the relation between prosecutrix and Polzine continued for a considerable time after the alleged seduction, and that she received Blocher into her company as a lover, was admissible, as tending to disprove the claim of prosecutrix that she loved the defendant, relied upon his promise to marry her, if she got into trouble, and that she in good faith believed he loved and intended to marry her. *State v. Baldoser*, 88 Iowa 55; *State v. Abegglan*, 103 Iowa 50; *State v. Holter*, 32 S. D. 43 (142 N. W. 657). Such relations with other men would be inconsistent with her testimony, and the jury would have a right to take these facts into consideration in determining her credibility as a witness and the truth of the matters to which she had testified. It is proper, however, to state in this connection that, so far as the specific offer was of matters to which Polzine would testify, we think the ruling of the court was not erroneous. The correspondence between him and prosecutrix may have been entirely innocent; and, so far as the record discloses, there was nothing in the letters that would tend to discredit the testimony of prosecutrix. The offer was of the contents, and not of the

letters, without a statement of the facts making secondary evidence admissible, or of the contents of the letters, if lost or destroyed.

We have likewise repeatedly held that evidence of the birth of a child is admissible. The birth of a child establishes the fact that there was intercourse at some time, and if the jury should believe that it was with the defendant, it would be corroborative of her testimony as to the criminal intimacy. *State v. Wickliff*, 95 Iowa 386; *State v. Clemons*, 78 Iowa 123; *State v. McGinn*, 109 Iowa 641; *State v. Nugent*, 134 Iowa 237; *State v. Hunt*, 144 Iowa 257; *State v. Cotter*, supra; *State v. Coffman*, 112 Iowa 8; *State v. Kissock*, supra; *State v. Dolan*, supra; *State v. Blackburn*, 136 Iowa 743; *State v. Smith*, 84 Iowa 522.

3. SEDUCTION: corroboration: birth of child.

In all of the foregoing cases in which the facts are stated, the child was born within the usual and ordinary period of gestation, except *State v. Wickliff*. In the latter case, in which evidence of the birth of a child was held to have been properly admitted, the seduction occurred about March 6, 1892, and the child was born February 28, 1893, a period of almost one year. It is always proper for the State to show that the illicit relations between the defendant and prosecutrix continued after the offense was committed. *State v. Curran*, 51 Iowa 112; *State v. Wickliff*, supra; *State v. Mackey*, 82 Iowa 393. In the *Mackey* case, we said:

"It is true, if the prosecutrix was seduced, the crime was complete when she first surrendered her person to defendant; but subsequent acts were proper to be considered by the jury in determining whether the criminal intent existed at the first act, and whether the defendant in good faith intended to perform his promise."

The doctrine of the *Wickliff* case was adopted and followed by the Supreme Court of California in *People v. Goodwin*, 132 Cal. 368 (64 Pac. 561). The State having elected to offer testimony of the birth of a child to prosecutrix in May, 1919, and that conception must have taken place late in August or early in September, 1918, the defendant had a right to show, if he could, that Blocher had sexual intercourse with prosecutrix in the month in which she claimed to have become pregnant. This

testimony tended to impeach her claim that she never at any time had sexual intercourse with anyone except the defendant, and also to disprove the testimony that the defendant was the father of the child, as well as to throw light upon her claim that she loved the defendant and believed that he intended to marry her. The exclusion of this evidence was error.

II. The court instructed the jury that the law presumes the chastity of every woman, and that the burden was on the defendant to prove the prior unchastity of the prosecutrix,

4. SEDUCTION: presumption and burden *in re* chastity.

if he relied thereon, by a preponderance of the evidence. The instructions upon this point are complained of. In so far as the court placed the burden upon the defendant of proving prior unchastity of the prosecutrix, the instruction is in harmony with the prior decisions of this court. *Andre v. State,* 5 Iowa 389; *State v. Sutherland,* 30 Iowa 570; *State v. Higdon,* supra; *State v. Bowman,* 45 Iowa 418; *State v. McClintic,* 73 Iowa 663; *State v. Curran,* supra; *State v. Wells,* supra; *State v. Cameron,* 177 Iowa 379; *State v. Hemm,* 82 Iowa 609; *State v. Brown,* 86 Iowa 121.

The particular complaint of the instructions relating to the proof of the prior chastity of the prosecutrix and the instructions relating to the required corroboration is that the former, in effect, told the jury that, unless defendant had overcome the presumption of chastity by a preponderance of the evidence, the jury should treat that issue as established in favor of the State; and that the instruction on the question of corroboration authorized the jury to find that mere opportunity to commit the offense was sufficient. The instructions, when taken as a whole, are not open to the criticisms urged. The court also instructed the jury that, if the evidence on the question of the prior chastity of the prosecutrix was evenly balanced, the issue should be determined in favor of the State. As already appears, the burden of overcoming the presumption of chastity was on the defendant, and to do this, a preponderance of the evidence was required. Evidence that tended only to raise a reasonable doubt on this issue is not sufficient. *State v. Wells,* supra; *State v. Brown,* supra. This does not mean that the burden is not upon the State to make out its case beyond a reasonable doubt.

It would perhaps have been better if the instruction had simply submitted this question to the jury, without suggestion as to its sufficiency or the establishment of the issue in favor of the State. It is well settled that mere opportunity to commit the offense is not sufficient, and if the instructions of the court were open to this criticism, they would be clearly erroneous; but they are not. Extended discussion of the exceptions to the court's charge as a whole, and to the several paragraphs thereof, would serve no good purpose. Other alleged errors are not likely to occur on a retrial of the case, and we therefore omit particular reference thereto.

Because of the errors pointed out above, the judgment of the court below must be and is—*Reversed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.